SUCESIÓN DE JOSÉ FAUSTINO GORBEA, compuesta de sus hijos LAURA, ANGELES, CONCEPCIÓN y JOSEFINA y sus nietos LETICIA, JORGE y MARÍA ESTHER GORBEA y MONTERO, la última representada por su madre con patria potestad JOSEFINA

Montero, demandante y apelada, *v.* Josefa Portilla, Inocencio Martínez y la Sucesión de José Severo Gorbea, demandadas y apelante la primera.

No. 5705.—*Sometido:* Diciembre 15, 1932. *Resuelto:* Marzo 8, 1934.

*L. Toro Cabañas*, abogado de la apelante; *Angel A. Vázquez*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La demandada Josefa Portilla apela de una sentencia que declara a los demandantes dueños de un condominio de ¼ parte en determinada casa, que anula un expediente posesorio en cuanto al condominio de los demandantes y las subsiguientes ventas e inscripciones a favor de la demandada y de su padre y que la condena a pagar determinada cantidad en concepto de rentas y productos del condominio de los demandantes, así como al pago de las costas.

El primer motivo alegado para esta apelación es que la corte inferior erró al no desestimar la quinta y última demanda enmendada porque se han modificado en ella de tal modo los hechos alegados originalmente que puede decirse que es un nuevo pleito. Ese alegado error no existe porque el hecho de que en la demanda original reclamasen los demandantes 2/6 partes indivisas de la casa objeto del pleito y que en la quinta demanda enmendada se diga que ese condominio es de 216 milésimas del inmueble no es una variación que origine una nueva causa de acción.

■■ El segundo error se hace consistir en que la corte no declaró que la quinta demanda enmendada no aduce hechos suficientes para constituir una causa de acción. Esa deficiencia se hace consistir en que reclamando los demandantes como herederos de diversos causantes, no se alega en cuanto a algunas de las diferentes generaciones de herederos si lo fueron por sucesión testada o intestada y si la herencia fué aceptada. Todo lo que la apelante echa de menos en esa demanda es materia de prueba, pues a los apelados les bastaba alegar el hecho último, o sea, que son los herederos de las personas que mencionan. La alegación de que la demanda no alega la fecha en que murió el padre de la demandada no es correcta porque tal fecha aparece de la alegación octava de la demanda. Y también es suficiente la demanda a pesar de que el padre de la demandada compró de quien en el Registro aparecía como dueño porque se alega que hizo la compra sabiendo que su vendedor no era el dueño de la finca.

■ El tercer motivo se funda en errónea apreciación de la prueba, la que según la apelante es demostrativa de que los demandantes no probaron su caso. Para resolverlo tendremos que consignar los hechos fundamentales que resultan de la prueba presentada en el juicio.

La casa alta No. 23, antes No. 25, de la calle del Santo Cristo esquina a la de San Francisco, llamada ahora Salvador Brau, en esta ciudad, era propiedad de Juan José Gorbea desde antes de 1845, pues el 15 de febrero de ese año sus herederos y los de su hermano José Ramón Gorbea otorgaron escritura ante notario en la que haciendo constar que aunque la expresada casa fué adjudicada a los padres de ambas sucesiones como herencia de su común madre Magdalena García, habían ellos convenido en documento privado que la casa fuese únicamente de Juan José Gorbea mediante cierta cantidad de dinero que pagó a su hermano, por lo que los herederos de José Ramón Gorbea reconocieron que los herederos de Juan José Gorbea eran los únicos dueños de ese inmueble.

Los herederos del dueño Juan José Gorbea fueron nueve hijos, quienes en el mismo año 1845 constituyeron hipoteca sobre esa casa por 3,000 pesos a favor de la Real Hacienda para garantizar al hermano Manuel en el empleo de interventor de la aduana de Guayanilla para el cual fué nombrado; hipoteca que en junio del año 1870 fué ampliada a 8,000 escudos españoles para garantizar al mismo hermano como contador de rentas y aduana de Ponce. En octubre del mismo año ampliaron la hipoteca en la misma casa por·la cantidad de 10,000 escudos españoles para garantizar a ese hermano como contador de rentas y aduana de Mayagüez. Esa hipoteca y sus ampliaciones fueron inscritas en el antiguo Registro. Muchos de los hijos de Juan José Gorbea murieron solteros y sin sucesión, heredándoles sus otros hermanos. Uno de esos hijos fué José Faustino Gorbea, que ha fallecido, padre de algunos de los demandantes y abuelo de dos de ellos. Otra hermana era Dominga Gorbea, que falleció con testamento en el que después de manifestar que era soltera y sin descendencia legítima o ilegítima y que por sus bienes le corresponde una parte en la casa a que venimos refiriéndonos, instituyó por único heredero suyo a José Severo Gorbea, expósito, a quien desde su infancia había tenido a su calor. Este José Severo Gorbea promovió en enero de 1893 un expediente posesorio de esa casa a su solo nombre como heredada de su madre Dominga Gorbea, y habiendo sido aprobado fué inscrita la finca a su favor sin perjuicio de tercero de mejor derecho. Al ser inscrito ese expediente posesorio se mencionaron la fianza hipotecaria que sobre ella pesaba y sus ampliaciones. Después de esa inscripción, fueron trasladadas en 1894 al nuevo registro la fianza hipotecaria y sus ampliaciones a que hemos hecho referencia, manifestándose en sus inscripciones 3 a., 4 a. y 5 a. que habían sido constituídas por los hermanos Gorbea, consignando los nombres de ellos, entre los que figuran José Faustino Gorbea y Dominga Gorbea. Estando subsistentes en el Registro las inscripciones de esos gravámenes, hechas a instancia del Co-

misionado de la Hacienda Pública, vendió José Severo Gorbea la casa como único dueño a Cesáreo Portilla el 22 de febrero de 1895, habiéndole manifestado antes los demandantes que no comprara la casa porque no era solamente de José Severo Gorbea pues ellos tenían una parte en ella por herencia de su padre José Faustino Gorbea. Muerto Cesáreo Portilla fué inscrita la casa en 1897 a nombre de su hija y heredera Josefa Portilla y posteriormente, en 1899, fué cancelada la fianza hipotecaria y sus ampliaciones. Después de esos hechos fué anotada en el Registro de la Propiedad en 1899 una demanda de los ahora demandantes contra José Severo Gorbea y Josefa Portilla sobre el derecho que alegan tener como condueñas sobre la finca y sobre nulidad del expediente posesorio; pleito que terminó, según admitió la demandada en su contestación a la quinta demanda enmendada, por sentencia de 1909 que declaró sin lugar la demanda como consecuencia de una alegación de falta de prueba por los demandantes (*nonsuit*). Desestimada el 20 de abril de 1921 la apelación interpuesta contra esa sentencia fué radicada al día siguiente la demanda original de este pleito.

Los hechos relacionados demuestran que la corte inferior no erró al apreciar que los demandantes probaron su caso pues por ellos se llega a la conclusión de que Juan José Gorbea era dueño de toda la casa desde el año 1845, la que heredaron sus hijos, uno de los cuales era José Faustino Gorbea, cuya participación heredaron a su vez cuatro hijas demandantes y los dos nietos que también demandan en representación de su padre Manuel Gorbea, y de que José Severo Gorbea, que instituyó el expediente posesorio a su nombre, sólo tenía en la casa la parte que correspondía a Dominga Gorbea como heredera de Juan José Gorbea, que fué lo que por testamento ella transmitió a su hijo de crianza José Severo Gorbea.

El cuarto motivo de apelación se funda en no haber declarado con lugar la corte inferior la defensa alegada en la contestación a la demanda de estar prescrito tanto el

dominio como la acción ejercitada por los demandantes, de acuerdo con los artículos 1858 y 1864 del Código Civil.

La prescripción de las acciones reales sobre los bienes inmuebles es de treinta años según el artículo 1864 del Código Civil, pero puede ser interrumpida por su ejercicio ante los tribunales como dispone el artículo 1874 del mismo código; interrupción que produce el resultado de que el término de prescripción empiece a contarse de nuevo cuando cesa la interrupción, según hemos declarado en el caso de *De Jesús* v. *De Jesús*, 37 D.P.R. 152. Por consiguiente, habiendo sido radicado el pleito primero a los seis años del posesorio y habiendo durado la interrupción que produjo hasta el 30 de abril de 1921 en que fué desestimada la apelación que se interpuso contra la sentencia en él dictada, cuando al día siguiente fué radicado el presente pleito no había prescrito la acción de los demandantes.

 Como según el mismo artículo 1864 la prescripción de treinta años de esa acción es sin perjuicio de lo establecido para la adquisición del dominio o derechos reales por prescripción, veamos si al ser interpuesto el presente pleito había prescrito el dominio de la casa a favor de la demandada Josefa Portilla.

Desde luego, no existe en este caso la prescripción adquisitiva extraordinaria de treinta años para la que no se requiere justo título ni buena fe, porque tal prescripción quedó interrumpida civilmente en 1921 de acuerdo con el artículo 1846 del mismo código al ser presentada la demanda inicial de este pleito, ya que el primer pleito de 1899 dejó de producir interrupción por haber sido absuelta de la demanda la poseedora Josefa Portilla, por disponerlo así el artículo 1847 del mismo texto legal. Por consiguiente, tendremos que ver si existe la prescripción ordinaria adquisitiva del dominio con justo título y buena fe por diez años entre presentes y veinte entre ausentes, que expresa el artículo 1858 del Código Civil.

Como no se ha alegado ni se ha probado que los demandantes hayan estado ausentes de esta Isla desde 1893, fecha

de la inscripción del expediente posesorio en el registro, el término para adquirir la demandada el dominio en este caso por prescripción es de diez años con buena fe y justo título. Ese tiempo, y más de veinte años, había transcurrido al ser comenzado el presente pleito, pues aunque el primer pleito de 1899 fué radicado antes de transcurrir diez años desde la inscripción del expediente posesorio en 1893, esa interrupción de la prescripción adquisitiva del dominio hay que considerarla no hecha y deja de producir interrupción de acuerdo con el artículo 1847, número tercero, del mismo texto, porque la poseedora Josefa Portilla fué absuelta de la primera demanda.

La demandada apelante tenía un justo título para adquirir porque heredó la casa que había comprado su padre y esos títulos eran aparentemente válidos. ¿Tuvieron ella y su padre buena fe al adquirir la casa? Veámoslo.

De la prueba testifical aparece que dos de los demandantes manifestaron personalmente a Cesáreo Portilla cuando trataba de comprar la casa que no hiciera esa adquisición porque no era solamente de José Severo Gorbea. En la inscripción primera de la casa hecha por virtud del expediente posesorio se mencionó una hipoteca que fué ampliada dos veces, constituída en el año 1845. En esa mención no se consignaron el nombre o los nombres de la persona o personas que otorgaron esos documentos. Sin embargo, en la inscripción segunda verificada por haber vendido la casa José Severo Gorbea con pacto de retro en 1894, que luego redimió, aparece tener 43 años de edad, por lo que era muy posible que en 1845 la casa no fuera de José Severo Gorbea pues entonces no tenía edad para poder gravarla. En verdad él nació en 1844. Pero, independiente de lo expuesto, resultaba del Registro que la hipoteca de 1845 y sus ampliaciones fueron trasladadas de los libros de la antigua Anotaduría o Contaduría de Hipotecas a los del nuevo Registro, a instancia de un comisionado de la Hacienda Pública, produciendo las inscripciones tercera, cuarta y quinta, en las que aparece que

la hipoteca de 1845 y sus ampliaciones fueron constituídas por varios hermanos Gorbea, entre ellos José Faustino Gorbea y Dominga Gorbea. Posteriormente a esas inscripciones compró Cesáreo Portilla la casa que hoy pertenece por herencia a su hija Josefa Portilla.

Los hechos expuestos demuestran que tanto Cesáreo Portilla como Josefa Portilla no adquirieron la casa de buena fe dado que sabían por el registro que en 1845 era propiedad de los hermanos Gorbea, pues la hipotecaron, y, por tanto, que José Severo Gorbea no era el único dueño de ella como manifestó en el expediente posesorio que fué inscrito.

El siguiente y último motivo de error es por la imposición de las costas. En vista de los hechos relatados no vemos que la corte abusara del poder discrecional que tiene para imponerlas.

*La sentencia apelada debe ser confirmada.*