# 99 DTA 172

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VII**

NOEMI RIVERA MALDONADO
Apelante

v.

MUNICIPIO DE CAROLINA, COMPAÑIA ASEGURADORA X, JUAN Y JUANA
Apelados

Núm. KLAN-98-00177

San Juan, Puerto Rico, a 17 de mayo de 1999

Panel integrado por su Presidente, Juez Guillermo Arbona Lago
y los Jueces Andrés Salas Soler y Antonio J. Negroni Cintrón

Negroni Cintrón, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

El 5 de noviembre de 1993, la apelante interpuso una demanda ante el antiguo Tribunal Superior, Sala de Carolina contra HMCA, Inc. y la Compañía Aseguradora X, Caso Civil Núm. FDP93-348, reclamando compensación por los daños que alegadamente había sufrido al caer por una escalera impregnada con una sustancia resbalosa en el Hospital de Area de Carolina, Dr. Federico Trilla. Expuso, en síntesis y en lo pertinente, que los daños sufridos se debieron *"a la culpa y negligencia de la parte demandada o ésta debe responder en virtud de un Contrato de Seguros"* y que incluía *"como demandada desconocida a 'Compañía Aseguradora X' por desconocerse (sic) el nombre de la entidad que tenga expedida una Póliza de Seguros que cubra los hechos aquí alegados"*, la que sustituiría una vez conociera su identidad.

El 4 de junio de 1996 y al amparo de la Regla 39.2 (b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, el Tribunal antes indicado desestimó esa demanda mediante sentencia, copia de cuya notificación fue archivada en autos el 12 de junio del mismo año.

Así las cosas y por los mismos hechos antes descritos, el 11 de abril de 1997, la apelante instó una segunda demanda ante el ahora Tribunal de Primera Instancia, Sala Superior de Carolina, omitiendo a los anteriores demandados, pero incluyendo por primera vez como demandados al Municipio de Carolina *("Municipio")*, Compañía Aseguradora X, Juan y Juana. En esta demanda aseveró que había sufrido daños al caerse el 16 de febrero de 1993 por una escalera alegadamente mojada en el Dispensario Médico del Municipio.

Emplazado, el Municipio solicitó la desestimación de la demanda mediante moción al efecto. Adujo que la causa de acción por daños y perjuicios formulada en su contra había prescrito debido a que la caída había ocurrido el 16 de febrero de 1993 y la demanda había sido presentada el 11 de abril de 1997, vencido el término de un año que para ello tenía.

La apelante se opuso. Alegó que el término prescriptivo para presentar la segunda demanda había sido oportunamente interrumpido al presentarse la primera demanda el 5 de noviembre de 1993 ante el Tribunal de Instancia contra HMCA, Inc. y la Compañía Aseguradora X, que la caída había ocurrido en el Hospital de Area de Carolina y que aunque en el Caso Civil Núm. FDP93-348 no se incluyó al Municipio como demandado, la referida demanda tuvo el efecto de interrumpir el término en cuanto al Municipio por ser éste el dueño o responsable principal de esa entidad hospitalaria y responsable solidariamente de los daños por los que se reclama. Sostuvo, además, que en la acción original se incluyó a la aseguradora del principal, aunque con nombre ficticio por desconocerse su verdadero nombre (Compañía Aseguradora X).

De primera intención, el tribunal de instancia se negó a desestimar la segunda demanda; sin embargo, el 2 de octubre de 1997, el Municipio presentó una Réplica a la Oposición a Solicitud de Desestimación. Alegó que el Dispensario de Carolina y el Hospital de Area de Carolina son facilidades hospitalarias distintas que pertenecen a distintas entidades gubernamentales, al Municipio y el Departamento de Salud del Estado Libre Asociado, respectivamente, y que la HMCA Carolina, Inc. tenía un contrato con el Departamento de Salud para administrar el Hospital de Area de Carolina. Posteriormente, el tribunal de instancia celebró una conferencia sobre el estado de los procedimientos y para discutir la réplica por el Municipio. En ésta, la apelante reiteró que el término de prescripción fue interrumpido al haberse presentado la primera demanda el 5 de noviembre de 1993 por los mismos hechos.

Sometido el asunto, el 9 de enero de 1998, el tribunal *a quo* emitió una sentencia mediante la cual desestimó la segunda demanda instada por la apelante. En síntesis, resolvió que esa demanda estaba prescrita, ya que la primera

que presentó no interrumpió el término de un año, pues no incluyó al Municipio como parte demandada.

Inconforme, la apelante acude ante nos mediante el recurso de apelación que nos ocupa. Señala que erró el tribunal de instancia al dictar sentencia desestimando la acción de la demandante por prescripción y ordenando el archivo del caso. Argumenta que en la demanda que primeramente presentó figuraban como demandados HMCA Carolina, Inc. y la Compañía Aseguradora X y que allí alegó que los hechos ocurrieron en el Hospital de Area de Carolina, por ser esa la información que le brindó a su abogado; que HMCA no compareció y tampoco su aseguradora por lo que la demanda fue archivada por inacción al amparo de la Regla 39.2(b) de Procedimiento Civil, ante; que el 30 de mayo de 1996 le informó a su abogado que el accidente había ocurrido en el Dispensario Médico del Municipio de Carolina y que es desde entonces que presenta la demanda que fuera desestimada.

Sostiene, también, que la demanda presentada inicialmente tuvo el efecto de interrumpir el término prescriptivo, toda vez que una aseveración de la demanda indicaba los siguiente:

*"Se incluye como desconocida a Compañía X por desconocerse el nombre de la entidad que tenga expedida una póliza de seguros que cubra los hechos aquí alegados. Una vez se conozca su identidad se le sustituirá".*

Nos representa que esta aseveración se hizo para *"cubrir como demandado a cualquier entidad aseguradora que debiera responder por los hechos alegados"*. Plantea que como el Municipio tenía una aseguradora que expidió una póliza cubriendo la reclamación en su caso y existe solidaridad entre el municipio y su aseguradora, el término prescriptivo para reclamarle al Municipio quedó interrumpido al demandar a esa aseguradora cuyo nombre desconocía.

El Municipio no presentó alegato, por lo que estamos en condiciones de dictaminar.

Evaluada la posición asumida por la apelante y por los fundamentos que pasamos a exponer, concluimos que el error imputado no fue cometido.

## II

La Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, permite que un demandado solicite del tribunal que se desestime la demanda en su contra cuando ésta no expone *"una reclamación que justifique la concesión de un remedio"*. A los fines de disponer de esa moción, el tribunal está obligado a dar por ciertas y buenas todas las alegaciones fácticas de la demanda presentada. Para prevalecer, el promovente de la moción tiene que demostrar que, aún así, la demanda no expone una reclamación que justifique la concesión de un remedio. Esta doctrina se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente, que de su faz no den margen a dudas. *Pressure Vessels of Puerto v. Empire Gas*, Op. del 23 de noviembre de 1994, **94 J.T.S. 144**, *Ramos Lozada v. Orientalist Rattan Furniture*, res. en 15 de junio de 1992, **92 J.T.S. 74**; *Unisys v. Ramallo*, res. en 28 de junio de 1991, **91 J.T.S. 69**; *Romero Arroyo v. E.L.A.*, 127 D.P.R. 724 (1991); *Granados Navedo v. Rodríguez*, 124 D.P.R. 1 (1989); *Ramos v. Marrero*, 116 D.P.R. 357, 369 (1985); *First Federal Savings v. Asoc. de Condómines*, 114 D.P.R. 426, 431-432 (1983).

Si de la demanda se desprende con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación, debe desestimarse la demanda. *Pressure Vessels of Puerto v. Empire Gas, supra; Unisys v. Ramallo, supra; Romero Arroyo v. E.L.A., supra; González Camacho v. Santos Cruz*, 124 D.P.R. 396 (1989); *Granados Navedo v. Rodríguez, supra; Candal v. C.T. Radiology Office Inc.*, 112 D.P.R. 227, 230-231 (1982); *Reyes v. Suc. Sánchez*, 98 D.P.R. 305, 309-310 (1970); *Colón v. San Patricio Corp.*, 81 D.P.R. 242, 266-267 (1959).

Si la moción de desestimación de la demanda se promueve al amparo del procedimiento sumario prescrito por la Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, la demanda puede también desestimarse si el promovente demuestra que la otra parte no tiene derecho a recobrar de cualquier circunstancia que resulte discernible de las alegaciones que no hayan sido refutadas por la evidencia presentada con la moción. Debe desestimarse la demanda si la parte demandada demuestra incontrovertiblemente que el demandante no puede prevalecer bajo ningún supuesto de responsabilidad del demandado promovente. *Consejo de Tit. C. Parkside v. MGIC Fin. Corp.*, 122 D.P.R. 538 (1991); *Corp Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714 (1991).

Considerados los hechos expuestos en las demandas presentadas por la apelante y el derecho sustantivo aplicable, estimamos que en la causa que nos ocupa el Municipio cumplió ante el tribunal de instancia con la obligación que le impone la normativa citada, por lo que el tribunal de instancia tenía que acceder a la desestimación solicitada.

### III

El Artículo 1868 del Código Civil, 31 L.P.R.A. sec. 5298(2), dispone, en lo pertinente, que prescriben por el transcurso de un año las acciones para exigir la responsabilidad civil por injuria o calumnia y por las obligaciones derivadas de la culpa o negligencia de que trata el Artículo 1802 del Código Civil, 31 L.P.R.A. sec, 5141.

El punto de partida para el inicio del término prescriptivo de la acción de daños y perjuicios es la fecha en que el agraviado supo del daño y pudo ejercitar su acción. *Colón Prieto v. Géigel*, 115 D.P.R. 232 (1984). Denominada como la teoría cognoscitiva del daño, implica que la acción *"nace jurídicamente cuando se tiene conocimiento de una consecuencia lesiva causada por un acto culposo o negligente imputable a un actor cuya identidad se conoce"*. Herminio M. Brau del Toro, *Los Daños y Perjuicios Extracontractuales en Puerto Rico*, **Publicaciones J.T.S.**, 1986, pág. 641.

Las consecuencias lesivas se convierten en daños cuando se conocen, o cuando deben conocerse empleando diligencia razonable, o cuando se tornan previsible. En uno de esos momentos se produce el conocimiento y nace la causa de acción para el perjudicado. Si ha mediado acto negligente o culposo que constituya la causa de la consecuencia lesiva, se inicia entonces el término de prescripción para iniciar esa acción.

Ahora bien, el artículo 1873 del Código Civil, 31 L.P.R.A. sec. 5303, dispone lo siguiente:

*"Artículo 1873.-- La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor."*

Como puede apreciarse, la prescripción puede interrumpirse, entre otros, por su ejercicio ante los tribunales. Véase, además, *Feliciano v. A.A.A.*, 93 D.P.R. 655, 660 (1966). Esa interrupción causa que el término prescriptivo se tenga que comenzar a contar nuevamente. *Sucn. Gorbea v. Portilla*, 46 D.P.R. 288 (1934); *De Jesús v. De Jesús*, 37 D.P.R. 151 (1927). Para provocar la interrupción, basta la mera presentación de la demanda dentro del término prescriptivo. *Feliciano v. A.A.A.*, ante. Una vez el tribunal emite una sentencia final y firme que termine definitivamente la acción ejercitada, comenzará a correr nuevamente el término interrumpido. *Durán Cepeda v. Morales Lebrón*, 112 D.P.R. 623 (1982).

Ahora bien, el Derecho considera como acto de interrupción el ejercicio de la misma acción que está prescribiendo. Así pues, para que una primera acción judicial finalizada interrumpa el término prescriptivo y permita la presentación de una segunda acción judicial, entre la primera y segunda acción tiene que existir plena identidad y ambas acciones tienen que tener la misma identidad de propósitos. *Cintrón v. E.L.A.*, 127 D.P.R. 582, 593 (1990). Véase: *Srio. del Trabajo v. F.H. Co. Inc.*, 116 D.P.R. 823 (1986).

Por otro lado, para los fines de la prescripción, la fecha en que se le reclama a un demandado se establece inexorablemente por la fecha en que se le incluye por primera vez como demandado. *Fuentes v. Tribunal,* 73 D.P.R. 959 (1952).

Finalmente, la presentación de una causa de acción contra un coautor solidario, ciertamente, interrumpe el término prescriptivo en perjuicio de todos los demás, *García v. Gobierno de la Capital,* 72 D.P.R. 138 (1951), pero la solidaridad no se presume y tiene que demostrarse su existencia.

## IV

Al aplicar la anterior normativa a la controversia que suscita el recurso de la apelante, resulta evidente que ésta no tiene razón al insistir que su primera demanda interrumpió el término de un año que para instar su reclamación tenía.

Ciertamente, la primera demanda que la apelante instó fue presentada dentro del término de un año que al tenor de lo dispuesto en al Artículo 1868 del Código Civil, *ante,* tenía. Pero es incuestionable, también, que independientemente de dónde fue que ocurrió la caída de la apelante, en su primera demanda la apelante le reclamó a partes distintas al Municipio y su posible aseguradora. Como señalamos antes, demandó expresamente a una corporación denominada HMCA Carolina, Inc, y a la aseguradora desconocida de ésta. Nada en la primera demanda avala la curiosa tesis de la apelante de que al incluir a Compañía Aseguradora X en su primera acción era su propósito reclamarle a la aseguradora del Municipio cuyo nombre desconocía.

En primer término, las alegaciones tienen el propósito de bosquejar a grandes rasgos cuáles son las reclamaciones que se formulan de forma tal que la parte demandada quede notificada de la naturaleza general de las contenciones en su contra y pueda comparecer a defenderse, si así lo desea, *Ortiz Díaz v. R & R Motor Sales Corp.,* Op. de 26 de octubre de 1992, **92 J.T.S. 140;** *Mercado Cintrón v. Zeta Communications Inc.,* Op. de 7 de abril de 1994, **94 J.T.S. 50;** *Moa v. E.L.A.,* 100 D.P.R. 573 (1972). Aunque es suficiente que la exposición en las alegaciones sean sucintas y sencillas y que solamente por excepción se tienen que formular alegaciones específicas, Reglas 6.1, 7.2, 7.3, 7.4 y 7.5, de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, al interpretarlas hay que hacerlo de forma conjunta, las unas con las otras, tomando en consideración el epígrafe y la súplica de la demanda, cuando esto ayude a determinar si los demandados están razonablemente prevenidos de lo que los demandantes les están reclamando. *Ortiz Díaz v. R & R Motor Sales Corp., supra; Rivera v. Otero de Jové,* 99 D.P.R. 189 (1970); *Moa v. E.L.A., supra.*

A la luz de esta perspectiva, resulta axiomático que la primera demanda presentada por la apelante iba dirigida a notificarle únicamente a HMCA Carolina, Inc. y a su aseguradora desconocida, Compañía Aseguradora X, la reclamación formulada, consideradas integralmente las aseveraciones de esa demanda y su epígrafe. Por más liberalmente que interpretemos esas aseveraciones, no existe forma alguna que podamos aceptar como meritoria la contención de la apelante de que al nombrar en el epígrafe de esa demanda a Compañía Aseguradora X se refería a la aseguradora de un municipio que no había demandado. Téngase presente que la apelante expuso en su primera demanda que los daños sufridos se debieron *"a la culpa y negligencia de la parte demandada [HMCA Carolina, Inc.] o ésta debe responder en virtud de un Contrato de Seguros"* y que incluia *"como demandada desconocida a 'Compañía Aseguradora X' por desconocerse (sic) el nombre de la entidad que tenga expedida una Póliza de Seguros que cubra los hechos aquí alegados."*

En fin, no existe perfecta identidad entre los demandados identificados como tales en la primera demanda y aquellos de la segunda acción.

En segundo lugar, cuando un demandante ignora el verdadero nombre de un demandado debe hacerlo constar

en la demanda y exponer la reclamación específica que alega tener contra ese demandado. Debe, también, designarlo en cualquier alegación o procedimiento con un nombre ficticio para que al descubrirse su verdadero nombre pueda enmendar con prontitud la alegación o procedimiento. Regla 15.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. Esta excepción a la regla general permite atemperar los efectos de los términos prescriptivos cuando, a pesar de la diligencia del reclamante y del hecho que éste conocía la identidad del deudor, no había podido obtener el nombre correcto para entablar en tiempo la demanda en su contra. *Fuentes v. Tribunal, supra; Núñez v. Jiménez,* 122 D.P.R. 134 (1988).

Aunque la tendencia procesal es la de requerir que se conozca la identidad del autor del daño para que pueda decursar el término prescriptivo, la excepción a esta regla general es la de permitirle instar su acción al reclamante que desconoce o no pueda saber el nombre del posible autor del daño por el que reclama instar su acción, si existe un elemento fáctico pertinente que le haya impedido conocer quién es el responsable. Ahora bien, si el desconocimiento se debe a la falta de investigación o diligencia del reclamante, como parece haberle sucedido a la apelante, el reclamante no puede alegar que desconoce la identidad del autor. Véase: *López v. Autoridad de Carreteras,* Op. del 5 de mayo de 1993, **93 J.T.S. 64.**

Finalmente, la presentación de una demanda contra personas inexistentes o ficticias o demandados erróneos (*"wrong defendants"*) no interrumpe la prescripción de la acción en cuanto a una persona que debió haber sido hecha parte demandada originalmente, por ser una parte indispensable que existía al tiempo de presentarse la demanda original. *Fuentes v. Tribunal, supra*, pág. 982.

Atendido lo anterior, no es necesario que tengamos que resolver si la presentación de una reclamación judicial contra la Compañía Aseguradora X interrumpió el término prescriptivo en cuanto al Municipio.

## V

En el análisis final, concluimos que el tribunal de instancia no erró al desestimar sumariamente la segunda demanda presentada por la apelante pues fue presentada cuatro años y dos meses después de la fecha en que la apelante conoció de los daños y pudo ejercitar la acción, en vez del término prescriptivo de un año que le confiere el Artículo 1868 del Código Civil, *ante*. Los daños específicos por los que la apelante reclama compensación son daños cuyos efectos se manifestaron inmediatamente el 16 de febrero de 1993 y de haber realizado las investigaciones y diligencias razonables hubiera podido evitar que demandara a partes equivocadas en la primera ocasión en que lo hizo, pues conocía que el lugar en que resbaló era una facilidad de salud pública.

Toda vez que no existía controversia alguna sobre los hechos pertinentes a la controversia y el producto neto y final sometido con la solicitud de sentencia sumaria constituia un planteamiento estricto de derecho, el tribunal de instancia tenía que considerar y resolver la moción de sentencia sumaria. *Zachry International v. Tribunal Superior,* 104 D.P.R. 267 (1975); *Mercado Riera v. Mercado Riera,* 87 D.P.R. 566 (1963); *Roth v. Lugo,* 87 D.P.R. 386 (1963). Como el Municipio estableció como cuestión de derecho que se justificaba la desestimación por prescripción que solicitó, el tribunal *a quo* tenía que acceder sumariamente a ese pedido. *Del Toro v. Gobierno de la Capital,* 93 D.P.R. 481 (1966). No erró al desestimar sumariamente la demanda.

Por los fundamentos antes expuestos, se dicta sentencia confirmando la apelada.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General