# 2001 DTA 109

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I DE SA.N JUAN
PANEL III**

ESTEBAN CRUZ SANCHEZ, NILSA DIAZ MORALES Y LA SOCIEDAD LEGAL DE GANANCIALES
COMPUESTA POR AMBOS
Demandantes-Recurridos

v.

IVAN OQUENDO, JANE DOE Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ESTOS, SU ASEGURADORA COOPERATIVA DE SEGUROS MULTIPLES Y JOHN DOE, ASI DESIGNADOS POR DESCONOCERSE SU NOMBRE, Y SU ASEGURADORA XYZ
Demandados

v.

COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO
Codemandada-Peticionaria

Núm. KLCE-00-01227

San Juan, Puerto Rico, a 26 de enero de 2001

Panel integrado por su Presidente, el Juez Ramón Negrón Soto, y los Jueces Antonio J. Negroni Cintrón y Jorge Segarra Olivo

Negroni Cintrón, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

La peticionaria, Cooperativa de Seguros Múltiples de Puerto Rico ("*Cooperativa*"), solicita que revoquemos la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, en el caso de epígrafe y mediante la cual denegó su solicitud de sentencia sumaria y la condenó al pago de quinientos dólares ($500.00) en honorarios de abogados, más doscientos dólares ($200.00) en sanciones.

Le requerimos a los recurridos que mostraran causa por la cual no debíamos expedir el auto solicitado para modificar esa resolución, desestimando la reclamación formulada por la co-recurrida, Sra. Nilsa Díaz Morales, y dejando sin efecto la sanción impuesta a la Cooperativa.

Habiéndolo hecho, resolvemos según intimado.

Exponemos a continuación, los hechos pertinentes a la controversia.

### I

La demanda surge de un accidente automovilístico ocurrido el 13 de diciembre de 1996 y en horas de la madrugada, en la Avenida Fernández Juncos, a la salida del Expreso Las Américas. En ésta se alegó que, mientras iba manejando por esta Avenida, el auto del co-recurrido, Sr. Esteban Cruz Sánchez, ("*Cruz Sánchez*"), fue impactado por el lado izquierdo por el vehículo de motor manejado por el demandado, Sr. Iván Oquendo ("*Oquendo*").

El 6 de mayo de 1997, el Lcdo. Angel L. Cintrón Carrasquillo, en representación del Sr. Cruz Sánchez, le envió la primera de varias cartas a la Cooperativa. La misiva leía de la siguiente manera:

*"6 de mayo de 1997*

*Cooperativa de Seguros Múltiples*
*P.O.Box 363846*
*San Juan, PR 00936-3846*

*RE: Esteban Cruz Sánchez*
*F/A: 13 de diciembre de 1996*
*PAP: 0475650*
*ASEGURADO: Iván Oquendo Tenorio*
*NR: 50005*

*Estimados señores:*

*Sirva la presente para informarle que hemos sido contratado por el Sr. Esteban Cruz Sánchez para que le representemos en una reclamación por un accidente ocurrido en la fecha antes indicada.*

*Por razón de entender que la reclamación de nuestra [sic] cliente es una susceptible de establecer conversaciones extrajudiciales, es que hemos procedido a comunicarnos con ustedes. Esta misiva va dirigida a tratar de establecer conversaciones amigables y sinceras entre las partes para la economía de todos.*

*Por tal razón, solicitamos nombre del Ajustador; así como el número de la reclamación. Además, está [sic] comunicación sirve para interrumpir cualquier término prescriptivo.*

*Esperando una pronta atención de su parte a la presente solicitud, queda de usted;*

*Cordialmente,*

*Firmado*

*Lcdo. Angel L. Cintrón Carrasquillo"*

La Cooperativa contestó esta carta el 20 de junio de 1997.

El 18 de julio de 1997, el Lcdo. Cintrón se dirigió nuevamente por carta a la Cooperativa, enviándola a la Sra. Migdalia Panell, como ajustadora de la Cooperativa. La misma se limita a informarle a ésta que los daños reclamados por su cliente eran tanto corporales como a su propiedad, en los siguientes términos:

*"18 de julio de 1997*

*Sra. Migdalia Panell*
*Secretaria*
*Cooperativa de Seguros Múltiples de PR*
*PO Box 363846*
*San Juan, PR 00936-3846*

*RE: Esteban Cruz Sánchez v. Iván Oquendo Tenorio*

*Estimada señora Panell:*

*La presente es para informarle que a tenor con su carta del pasado 20 de junio de 1997, donde nos solicita si la reclamación es por daños corporales o daños a la propiedad ajena. Deseamos informarle que los daños son por ambas reclamaciones.*

*Adjunto copia de la evidencia solicitada para que puedan proceder con la reclamación.*

*Cualquier duda al respecto, estamos a la mejor disposición de ayudarle.*

*Cordialmente,*

*Firmado*
*Lcdo. Angel L. Cintrón Carrasquillo"*

El 15 de octubre de 1997, la Lcda. Melba N. Rivera Camacho le envió a la Sra. Alicia Tirado, representante de reclamaciones de la Cooperativa, una carta en la que le hace una oferta de transacción por ochenta y dos mil dólares ($82,000.00) y desglosa la cantidad entre sueldos dejados de devengar, gastos médicos y angustias mentales. Esta lee como sigue:

*"15 de octubre de 1997*

*Sra. Alicia Tirado, CIC*
*Garden Hills Plaza*
*SIC # 1353 Road 19*
*Suite 205*
*Guaynabo, P.R. 00966*

*RE: Asegurado: Iván Oquendo Tenorio*
*Reclamante: Esteban Cruz Sánchez*
*F/Incidente: 13 de diciembre de 1996*
*Póliza #: PAP 0475647*
*Caso. 303 38421*

*Estimada señora Tirado:*

*Por este medio queremos hacerle una oferta de transacción del cliente de referencia. Conforme a nuestros cálculos, la suma de $82,000.00 compensaría la reclamación en cuestión. Se desglosan de la siguiente manera: la Sociedad Legal de Gananciales ha dejado de devengar la suma de $9,700.00; en adición, el reclamante se ha tenido que someter a 60 terapias físicas, que no hubiesen sido necesarias de no haber sufrido el accidente; también ha sufrido dolor severo y angustias mentales. Además requirirá de una operación de cadera izquierda. Tomando en cuenta que nuestro representado no tiene plan médico y el costo de esta operación e ingresos dejados de percibir durante su período de recuperación, son compensables, entendemos que la cantidad de $82,000.00, es una cantidad razonable para dar por terminado el incidente en cuestión.*

*Se aneja evidencia médica solicitada. Sin otro asunto que tratar por el momento.*

*Cordialmente,*

*Firmado*
*Melba N. Rivera Camacho"*

Posteriormente y en respuesta a una oferta de transacción que le formulara la Cooperativa el 7 de abril de 1998, la Lcda. Rivera le cursó otra carta a la Sra. Tirado en la cual rechaza la misma por ser sumamente baja, en los siguientes términos:

*"7 de abril de 1998*

*Sra. Alicia Tirado*

*Claims Representative*
*Garden Hills Plaza*
*SIC # 1353 Road 19*
*Suite 205*
*Guaynabo, P.R. 00966*

*RE: Asegurado: Iván Oquendo Tenorio*
*Reclamante: Esteban Cruz Sánchez*
*F/Incidente: 13 de diciembre de 1996*
*Poliza #: PAP 0475647*
*Caso: 303 38421*

*Estimada señora Tirado:*

*Saludos cordiales. La presente es con el propósito de informarle que luego de hacer los cálculos de los gastos incurridos por nuestro representado por concepto de los daños sufridos por nuestro cliente, los mismos se desglosan de la siguiente manera:*

*60 terapias físicas $ 24,000.00*

*2 años de ingresos dejados de recibir $ 23,232.00*

*Valor del vehículo $ 9,000.00*

*Cirugía, angustias mentales y lesiones $150,000.00*

*Aun habiendo una negligencia comparada, entendemos que la oferta de $10,000.00 que nos hiciera es sumamente baja.*

*Finalmente, adjunto le enviamos nueva evidencia médica relacionada con el caso que nos ocupa.*

*Sin otro particular, más el de agradecer su gentil atención, quedo.*

*Cordialemente,*

*Firmado*

*Melba N. Rivera Camacho"*

El 4 de noviembre de 1998, los recurridos presentaron la demanda alegando, entre otras cosas, que las partes habían sostenido conversaciones desde enero de 1997 sobre los daños causados por el accidente y que la última gestión inteligente fue una reunión celebrada el 26 de mayo de 1998. La Cooperativa contestó la misma y alegó, entre otras defensas, que la acción estaba prescrita y debía ser desestimada.

El 7 de julio de 2000, la Cooperativa solicitó que se desestimara sumariamente la demanda. Planteó que ésta estaba prescrita, ya que había sido presentada transcurrido el término prescriptivo de un (1) año que para instar acciones en daños y perjuicios dispone el Código Civil de Puerto Rico. Alegó, además, que las comunicaciones entre las partes no cumplieron con los requisitos establecidos por la jurisprudencia para interrumpir el plazo prescriptivo, que la demanda, también, debía desestimarse en cuanto a los codemandados Sr. Oquendo, Jane Doe y la Sociedad Legal de Gananciales compuesta por éstos, ya que no habían sido emplazados conforme las disposiciones relativas al emplazamiento por edicto, dentro del período de seis (6) meses que establece las Reglas de Procedimiento Civil, y que no existía ningún hecho material en controversia que evitara que se dictara la sentencia.

Los recurridos se opusieron. Presentaron copia del escrito del 20 de julio de 2000 y alegaron que la Cooperativa no representaba legalmente a los codemandados, Sr. Oquendo, su esposa y la sociedad de gananciales, por lo que no podía levantar defensas a favor de éstos. Sostuvieron que la primera carta de mayo de 1997 interrumpió el término prescriptivo, pues cumplía con los requisitos establecidos por la jurisprudencia; que las cartas suscritas por la Cooperativa en junio y agosto de 1997 evidenciaban claramente que la reclamación y la deuda fueron reconocidas; que esa fecha, la Cooperativa comenzó el descubrimiento de prueba; que el 26 de enero de 1998, la Cooperativa le tomó una declaración informal al Sr. Oquendo y que la defensa de prescripción fue planteada tardíamente. Oportunamente, la Cooperativa replicó.

Finalmente, el 11 de septiembre de 2000, el foro de instancia emitió la resolución recurrida que fue notificada el 26 siguiente. En ésta denegó la solicitud de sentencia sumaria, concluyendo que las cartas cursadas entre las partes, un informe interno de la Cooperativa y la reunión celebrada por las partes, interrumpieron el

término prescriptivo. Concluyó, también, que las partes tenían claro la naturaleza de la reclamación y los daños; que los recurridos le facilitaron prueba documental médica a la demandada; que la Cooperativa formuló una oferta de transacción que fue rechazada y que ésta no representaba a los codemandados Sr. Oquendo, su esposa y la sociedad legal de gananciales. Por último, condenó a la Cooperativa al pago de quinientos dólares ($500.00) en honorarios de abogado y doscientos dólares ($200.00) en sanciones a favor del Estado Libre Asociado de Puerto Rico por estimar frívola la presentación.

Inconforme con este dictamen, la Cooperativa recurre ante este foro, imputándole al tribunal de instancia haber cometido los siguientes errores:

*"Resolver que hubo reclamaciones extrajudiciales que tuvieron el efecto de interrumpir la prescripción invocada por la Cooperativa.*

*No dictar sentencia teniendo a la parte demandante por desistida de su acción en cuanto a Iván Oquendo y su esposa.*

*Imponerle a la peticionaria un pago de honorarios de abogado por temeridad y de sanciones a favor del Estado."*

Por los fundamentos que expondremos a continuación, resolvemos modificar la resolución recurrida. Procedemos a discutir, separadamente, los señalamientos de error.

## II

### A

El primer error cuestiona el dictamen de instancia en cuanto a la aplicación de los fundamentos establecidos por las leyes y la jurisprudencia con relación a la interrupción extrajudicial de la prescripción en los casos en que se reclaman daños y perjuicios por actos culposos o negligentes

La prescripción es materia sustantiva y no procesal, regida por los principios que forman el Derecho Civil. *Olmo v. Young & Rubicam*, 110 D.P.R. 740, 742 (1981). La prescripción extintiva se basa en el imperativo de castigar la inercia en el ejercicio de los derechos y evitar litigios difíciles de adjudicar por la antigüedad de las reclamaciones. *De Jesús v. Chardón*, 116 D.P.R. 238 (1985). Véase, además, *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740 (1992). A esos efectos, el artículo 1861 del Código Civil, 31 L.P.R.A. sec. 5291, dispone que *"[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley"*.

Las acciones en las que se reclaman daños como consecuencia del acto negligente o culposo de otro, surgen al amparo del artículo 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141.

En lo pertinente, el artículo 1868 del Código Civil, 31 L.P.R.A. sec. 5298, dispone que prescriben por el transcurso de un año las acciones para exigir la responsabilidad civil por injuria o calumnia y por las obligaciones derivadas de la culpa o negligencia de que trata el artículo 1802 del Código Civil, *supra. Colón Prieto v. Géigel*, 115 D.P.R. 232 (1984); *Rivera Encarnación v. E.L.A.*, 113 D.P.R. 383 (1982). El punto de partida de ese término prescriptivo es la fecha en que el agraviado supo del daño y pudo ejercitar su acción. *Colón Prieto v. Géigel, supra.* Para determinar cuándo ha expirado el término prescriptivo para presentar una causa de acción, es preciso atender la fecha en la cual el reclamante formuló su reclamación contra el deudor extracontractual por dichos hechos. *Bithorn v. Santana*, 68 D.P.R. 300 (1948).

Ahora bien, el término prescriptivo puede ser interrumpido. A esos efectos, el artículo 1873 del Código Civil, 31 L.P.R.A. sec. 5303, dispone lo siguiente:

*"La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor."*

Esa interrupción causa que el término prescriptivo se tenga que comenzar a contar nuevamente. *Sucn. Gorbea v. Portilla*, 46 D.P.R. 288 (1934); *De Jesús v. De Jesús*, 37 D.P.R. 151 (1927). Véase, además, *Acosta Quiñones v. Matos Rodríguez*, 135 D.P.R. 668 (1994). No obstante, para que cualifiquen como interruptivos, los actos extrajudiciales o las acciones judiciales deben cumplir con los siguientes requisitos: a) la oportunidad o tempestividad, que la misma se haga antes de consumirse el plazo que se quiere interrumpir; b) la legitimación, según la cual el ejercicio corresponde al titular del derecho o acción; c) la identidad, que consiste en que la acción ejercitada ha de responder exactamente al derecho que está afectado por la prescripción, y d) la idoneidad del medio utilizado. *Galib Frangie v. El Vocero de Puerto Rico*, 138 D.P.R. 560, 567 (1995). La reclamación extrajudicial puede plasmarse a través de distintos actos, pero todos ellos deben cumplir con los requisitos genéricos de oportunidad, identidad, legitimación e idoneidad antes reseñados. Debe constituir una *"manifestación inequívoca de quien, amenazado por la pérdida de un derecho, expresa su voluntad de no perderlo".* *Feliciano v. A.A.A.*, 93 D.P.R. 655, 660, (1966).

En términos generales, el Derecho considera como acto de interrupción el ejercicio de la misma acción que está prescribiendo. Tiene que ser un acto mediante el cual el titular del derecho se dirija al sujeto pasivo de dicho derecho y le requiera que adopte el comportamiento debido. *Cintrón v. E.L.A.*, 127 D.P.R. 582 (1990). A esos efectos, debe tenerse presente la siguiente definición de reclamación extrajudicial adoptada por el Tribunal Supremo de Puerto Rico en *Díaz de Diana v. A.J.A.S. Ins. Co.*, 110 D.P.R. 471, 476 (1980), citando al tratadista Díez Picazo:

*"Reclamación vale, en principio, tanto como exigencia o intimación. Es decir, se trata de un acto por el cual el titular de un derecho subjetivo o de una facultad se dirige al sujeto pasivo de dicho derecho o de dicha facultad requiriéndole para que adopte el comportamiento debido. La reclamación es, pues, una pretensión en sentido técnico."*

El elemento de identidad ha sido definido como una auténtica exigencia de la efectividad de la deuda. Es necesario que el acto interruptivo extrajudicial sea realizado por el acreedor en forma clara e inequívoca, que no deje dudas acerca de su intención. Ante todo, es menester tomar en consideración que lo que la ley considera como acto interruptivo de la prescripción, es el ejercicio de la misma acción que está prescribiendo. *Cintrón v. E.L.A.*, *supra*. No basta con que la notificación que el demandante le curse al demandado se limite a ofrecer información, ya que la mera información no constituye la manifestación inequívoca de quien amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo. De ocurrir esto, el término prescriptivo no queda interrumpido. *Zambrana v. E.L.A supra*. Véase, también, *Cintrón v. E.L.A.*, *ante*.

Aunque la ley no limita los actos que pueden constituir causa interruptiva extrajudicial del término prescriptivo para ejercitar una acción, se admiten todos aquéllos en que la voluntad del acreedor quede patente. Ello así, la reclamación extrajudicial puede plasmarse a través de distintos actos, pero todos ellos han de cumplir con los requisitos genéricos de oportunidad, identidad, legitimación e idoneidad que mencionamos anteriormente. *Galib Frangie v. El Vocero, supra*.

**B**

La demanda en el caso ante nuestra consideración fue presentada el 4 de noviembre de 1998, causando la impresión de que lo fue después de concluido el término de un año establecido en ley para este tipo de reclamaciones. Sin embargo, el 15 de octubre de 1997, la representación legal de la parte recurrida le envió a la Cooperativa una carta, que, en su opinión, tuvo el propósito de hacer una *"reclamación extrajudicial"*. Conforme a lo indicado, corresponde, entonces, determinar si esta carta interrumpió el término prescriptivo por cumplir con los criterios establecidos en *Galib Frangie, supra*.

Un análisis de la misma demuestra claramente que ésta fue oportuna, ya que se presentó aproximadamente diez (10) meses después de haber ocurrido el accidente y antes transcurrido el término prescriptivo de un año. También podemos concluir que la carta fue legítima por haber sido suscrita por la licenciada Rivera Camacho, quien, aunque no se identificó de forma expresa como la representante legal del Sr. Cruz Sánchez, indicó que la oferta de transacción se hacía a nombre del "*cliente de referencia*", haciendo clara alusión al reclamante identificado como Esteban Cruz Sánchez. Igualmente, cumplió con el requisito de idoneidad al utilizarse una carta para formular la reclamación, lo que constituye un medio escrito adecuado. Finalmente y en cuanto a la identidad, la carta identifica al asegurado, su número de póliza, la fecha del accidente y el nombre del asegurado. Resume, además, los daños por los cuales se reclama y que fueron el producto del accidente ocurrido por la alegada negligencia del asegurado, el 13 de diciembre de 1996, y que unida a la carta enviada el 6 de mayo de 1997 a la Cooperativa por el Lcdo. Cintrón, en representación del Sr. Cruz Sánchez, identifica la fecha del accidente que provoca la reclamación, el nombre del asegurado, y su intención de llegar a un acuerdo extrajudicial.

Considerado todo ello, concluimos que la carta del 15 de octubre de 1997 interrumpió el término prescriptivo que tenía el Sr. Cruz Sánchez para presentar la acción ante los tribunales hasta el 15 de octubre de 1998.

Ahora bien, con posterioridad a la carta del 15 de octubre que acabamos de analizar, la parte recurrida le cursó una nueva el 7 de abril de 1998 que, aparentemente y por sí sola, no cumple con los requisitos establecidos en *Galib Frangie, ante*, que ya hemos mencionado. Sin embargo, sería erróneo analizarla en el vacío como si hubiese sido la primera o única gestión entre las partes. *León Crespo v. Caparra Center*, Op. de 19 de marzo de 1999, **99 J.T.S. 29**, a la pág. 704.

No es necesario que cuando se formule una reclamación extrajudicial, cada vez que un perjudicado se comunique con el deudor, tenga que repetirle los hechos que dieron lugar a la reclamación, el daño causado, su responsabilidad y la indemnización solicitada. *León Crespo, ante*. Por lo tanto, una vez se formula una reclamación extrajudicial suficiente en derecho, no es necesario que cada vez que el perjudicado deba interrumpir nuevamente el término prescriptivo, tenga que repetir los asuntos que antes le ha comunicado al reclamado. Lo importánte es que se deje claro en su comunicación posterior, su intención de no perder su derecho. *León Crespo, ante*.

A la luz de todo ello, concluimos que el término prescriptivo de un año que tenía disponible el Sr. Cruz Sánchez para presentar la reclamación por daños sufridos como consecuencia del accidente de auto, fue interrumpido por la carta del 15 de octubre de 1997 y posteriormente por la del 7 de abril de 1998. Así las cosas, y en cuanto a éste, la demanda se presentó en tiempo, pues el Sr. Cruz Sánchez tenía hasta el 7 de abril de 1999 para hacerlo.

## C

En cuanto a la Sra. Hilda Díaz, la esposa del Sr. Cruz Sánchez, la situación es diferente. Ninguna de las cartas suscritas por la representación legal de éste hace referencia a su esposa. Ninguna de las cartas que ya hemos discutido indica que la reclamación extrajudicial se realizaba a nombre, o por los daños sufridos por la esposa del Sr. Cruz Sánchez. Ello así, las cartas no cumplen con el requisito de identidad, pues ésta no era representada por la Lcda. Rivera Camacho o el Lcdo. Cintrón.

Concluimos, pues, que como las cartas enviadas no tuvieron el efecto de interrumpir el término prescriptivo de las reclamaciones personales que pudiera tener la Sra. Hilda Díaz Morales, el tribunal de instancia actuó correctamente, al desestimar la demanda en cuanto a ésta por haber prescrito su acción personal.

## D

La acción de la Sociedad Legal de Gananciales tampoco está prescrita. El recurrido, Sr. Cruz Sánchez, formuló las reclamaciones a favor de ésta y en su representación. Nuestra jurisprudencia ha reconocido que cualquiera de los miembros de la sociedad legal de gananciales puede realizar gestiones de administración a favor de ésta, sin que sea necesaria la intervención del otro miembro de la sociedad. *Soto Vázquez v. Rivera Alvarado,* Op. de 9 de diciembre de 1997; *Rodríguez Rodríguez v. Moreno Rodríguez,* 135 D.P.R. 623 (1994); *Quetglas Alvarez v. Carazo Castillo,* 134 D.P.R. 644 (1993).

En este caso, en particular, la reclamación extrajudicial incluyó los daños sufridos por la sociedad legal de gananciales consistentes en ingresos dejados de recibir. Por lo tanto, la reclamación de la sociedad legal de gananciales compuesta por los demandantes, no está prescrita.

## III

Como segundo error, la Cooperativa argumenta que el tribunal de instancia debió dictar sentencia dando por desistida la acción de los recurridos contra el Sr. Oquendo y su esposa. No tiene razón.

Los recurridos optaron por demandar al Sr. Oquendo, su esposa, la Sociedad Legal de Gananciales compuesta por éstos y a la Cooperativa. Esta ha comparecido representada por Lcdo. Cintrón. Ahora bien, aunque ésta tiene la obligación de representar a su asegurado ante los tribunales, *PFZ Properties, Inc. v. General Accident Insurance Company, P.R. Ltd,* 136 D.P.R. 881 (1994); *Vega v. Pepsi-Cola Bot. Co.,* 118 D.P.R. 661 (1987), no existe indicio alguno que el Lcdo. Cintrón Rivera efectivamente asumiera la representación legal del Sr. Oquendo, su esposa y la Sociedad de Gananciales.

Ello así, el Lcdo. Cintrón está impedido de solicitar a nombre de éstos remedio alguno, incluyendo la desestimación de la demanda instada en su contra. Téngase presente que la Regla 15.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, requiere que los pleitos se tramiten a nombre de la persona que por ley tenga el derecho que se reclama, lo que implica que solamente el Sr. Oquendo y su esposa, o su abogado, tienen el derecho de solicitar la desestimación de la demanda en su contra. El error no fue cometido.

## IV

Mediante el tercer error señalado, la peticionaria cuestiona la imposición del pago de sanciones y honorarios de abogado a favor de la parte recurrida. Sostiene que incidió el foro de instancia al imponerle honorarios de abogado y sanciones al concluir que la Cooperativa estaba actuando con temeridad al realizar *"un ejercicio vano y fútil, vacío en méritos y de consumo de tiempo tanto para la parte demandante como para este Tribunal".* Le asiste la razón.

La Regla 44.2 de Procedimiento Civil, 32 L.P.R.A. Ap III, R. 44, dispone que el tribunal podrá imponer sanciones económicas, incluyendo el pago de honorarios de abogado, en cualquier etapa del proceso, a aquella parte que haya actuado en perjuicio de una eficiente administración de la justicia. Cuevas Segarra, José, *Práctica Procesal Puertorriqueña, Vol. II, Procedimiento Civil,* **Publicaciones J.T.S., Inc.** 1986, pág. 249.

Como norma general, en ausencia de prueba que sustente que hubo abuso de discreción, en el ámbito apelativo no se debe intervenir con la discreción del tribunal de instancia al resolver que una parte actuó con temeridad. *Quiñones López v. Manzano Pozas,* opinión de 25 de junio de 1996, **96 J.T.S. 95,** pág. 1316; *San Miguel Fertil Corp. v. P.R. Dry Dock,* 94 D.P.R. 424, 442 (1967); *Algarín Torres v. Autoridad de Carreteras, supra.*

En el presente caso, el tribunal de instancia concluyó que la Cooperativa estaba consumiendo el tiempo de la parte demandante y el suyo con un reclamo ausente de méritos. Sin embargo, y como hemos visto, no es correcta esa conclusión. Algunos de los reclamos de la Cooperativa, sí tenían méritos, por lo que concluimos que la imposición de sanciones y la condena al pago de quinientos dólares ($500.00) en honorarios de abogado,

no procedía.

**V**

Por los fundamentos antes expuestos, se expide el auto solicitado, se modifica la resolución recurrida como antes hemos indicado y se devuelve el caso al foro de instancia para que continúen los procedimientos en el caso de epígrafe, conforme a lo aquí resuelto.

El Juez Segarra Olivero disiente de aquella parte que elimina las sanciones y los honorarios de abogados impuestos a la peticionaria, pues algunas de las alegaciones de los peticionarios eran claramente frívolas y se debe presumir que es en lo atinente a éstas que el Tribunal de Primera Instancia impuso la sanción y concedió los honorarios de abogados.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General