SECRETARIO DEL TRABAJO Y RECURSOS HUMANOS, querellante y peticionario, *v.* FINETEX HOSIERY CO., INC., querellada y recurrida.

*Número:* O-85-338     *Resuelto:* 15 de enero de 1986

824

*Ricardo Santiago Matos,* abogado del peticionario; *Luis A. López López,* de *Goldman & Antonetti,* abogado de la recurrida.

PER CURIAM: Se nos plantea si la presentación de una querella por discrimen en el empleo ante la Unidad Antidiscrimen del Departamento del Trabajo, interrumpe el período prescriptivo de un año para instar judicialmente las acciones que surgen bajo la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. secs. 146 a 151. Resolvemos que sí interrumpe cuando la querella es notificada al querellado dentro del término prescriptivo de un año.

I

Los hechos del caso sobre los que no existe controversia son los siguientes.

La querellante, Mercedes Micheo Echegaray, fue despedida de su empleo por la Compañía Finetex Hosiery, Inc., el 26 de mayo de 1982. El día 12 de enero de 1983 ésta presentó una querella ante la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos de Puerto Rico, en la que alegó haber sido discriminada en su empleo por razón de su

edad. El día 19 de ese mismo mes se notificó con copia de la querella al patrono. La Unidad Antidiscrimen determinó que había causa probable de discrimen.

El Secretario del Trabajo y Recursos Humanos, amparándose en la Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. secs. 146 a 151) presentó una demanda ante el Tribunal Superior, Sala de Arecibo, en interés de la Sra. Mercedes Micheo Echegaray, contra el patrono Finetex Hosiery Co., Inc. Alegó, *inter alia*, que dicho patrono despidió a la señora Micheo Echegaray el 26 de mayo de 1982 por razón de su edad.

La demandada solicitó desestimación. Alegó que la demanda fue presentada el 15 de enero de 1985 y que, al transcurrir dos años y ocho meses desde el despido, la acción está prescrita de acuerdo a lo establecido en *Olmo* v. *Young & Rubicam*, 110 D.P.R. 740 (1981). Recurre el Secretario contra resolución que así lo dispuso.

Resolvemos conforme el trámite dispuesto en la Regla 50 de este Tribunal.

## II

■ Al resolver la presente controversia debemos tomar en consideración que la política pública del Estado, según se refleja en el Art. 5 de la Ley Núm. 100, según enmendada, 29 L.P.R.A. sec. 150, deposita en el Secretario del Trabajo y Recursos Humanos el deber de velar por el cumplimiento de las disposiciones contra el discrimen, consignadas en dicha ley.

■ El Art. 2 de la ley establece que todo patrono que despida, suspenda, o de otra manera discrimine contra un empleado suyo o una persona que le solicitare empleo por razón de edad, raza, color, sexo, origen o condición social, ideas políticas o religiosas, incurrirá en responsabilidad civil.

■ El Art. 4 de la ley establece que las reclamaciones civiles podrán tramitarse mediante acción ordinaria o me-

diante el procedimiento de querella establecido por la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. secs. 3118 a 3132).[1]

■ Concede jurisdicción original concurrente para entender en estos casos al Tribunal Superior y al Tribunal de Distrito. Este procedimiento de querella puede ser instado ante los tribunales a iniciativa propia del Secretario o a instancia de uno o más trabajadores con interés en el asunto.

■ En *Díaz de Diana* v. *A.J.A.S. Ins. Co.*, 110 D.P.R. 471 (1980), nos expresamos sobre la naturaleza de la reclamación extrajudicial al amparo del Art. 1873 del Código Civil, 31

---

[1] "Sec. 3118. *Formulación de querella; partes; jurisdicción*

"Siempre que un obrero o empleado tuviere que reclamar de su patrono cualquier derecho o beneficio, o cualquier suma por concepto de compensación por trabajo o labor realizados para dicho patrono, o por compensación en caso de que dicho obrero o empleado hubiere sido despedido de su empleo sin causa justificada, podrá comparecer, a su elección, ante la Sala del Tribunal de Distrito o del Tribunal Superior, según sea el caso, del lugar en que realizó el trabajo o en que resida el obrero o empleado en la fecha de la reclamación y formular contra el patrono una querella que extenderá o llenará, según fuere el caso, el juez o el secretario del tribunal, en la cual se expresará por el obrero o empleado, los hechos en que se funda la reclamación.

"En el ejercicio de cualquier acción que se pueda establecer acogiéndose al procedimiento fijado por las secs. 3118 a 3132 de este título, el Secretario del Trabajo y Recursos Humanos podrá demandar, a iniciativa propia, o a instancia de uno o más trabajadores o empleados con interés en el asunto, y en representación y para beneficio de uno o más de los mismos que se encuentren en circunstancias similares y también podrá constituirse en querellante o interventor en toda reclamación que se haya iniciado bajo el procedimiento establecido en las secs. 3118 a 3132 de este título.

"Cuando la parte querellante sea una mujer casada, podrá establecerse la reclamación judicial sin que tenga esa parte que comparecer en la acción asistida de su marido.

"Podrán acumularse en una misma querella las reclamaciones de todos los obreros y empleados de un mismo patrono que hubieren dejado de percibir sus derechos, beneficios o salarios devengados en una obra común; Disponiéndose, que la presentación de una querella por uno o más obreros o empleados, o por el Secretario del Trabajo y Recursos Humanos en representación de ellos, no impedirá la radicación de otras acciones por o en representación de otros obreros o empleados."

L.P.R.A. sec. 5303, pág. 839. (²) Citando a Díez-Picazo expresamos:

> Esto sentado, debemos preguntarnos en qué consiste este acto de reclamación extrajudicial. ¿Cuál es su naturaleza jurídica? Nuestro Código civil no ha dado a la palabra "reclamación" ningún significado preciso, ni técnico. Pero ello no nos exime de tratar de encontrarlo. Reclamación vale, en principio, tanto como exigencia o intimación. Es decir: se trata de un acto por el cual el titular de un derecho subjetivo o de una facultad se dirige al sujeto pasivo de dicho derecho o de dicha facultad requiriéndole para que adopte el comportamiento debido. La reclamación es pues una pretensión en sentido técnico. L. Díez-Picazo, *La prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1964, pág. 130.

■ Díez-Picazo señala que aunque por regla general la legitimación corresponde al titular del derecho, el representante voluntario o legal del titular puede formular la reclamación e interrumpir así la prescripción. Díez-Picazo, *op. cit.*, pág. 130.

■ La notificación por medio de la copia de la querella que envió el Departamento del Trabajo y Recursos Humanos a Finetex Hosiery Co., Inc., constituyó una reclamación extrajudicial que tuvo el efecto de interrumpir la prescripción, pues le informó dentro del término prescriptivo de un año la reclamación del trabajador. El Secretario del Trabajo y Recursos Humanos, autorizado por ley para presentar estas querellas en beneficio de los trabajadores, está legitimado para interrumpir la prescripción a nombre de éstos.

Resolver lo contrario iría en contra de la política pública del Estado, pues serían pocos los trabajadores que acudirían

---

(²)"Sec. 5303. *Interrupción de la prescripción*

"La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor."

en auxilio inicialmente al Departamento del Trabajo y Recursos Humanos por temor a que su reclamación prescribiera.

Por los fundamentos expuestos, *se expedirá el auto y se revocará la resolución recurrida.*

El Juez Presidente Señor Pons Núñez no intervino.