**Aixa LEON–NOGUERAS, Plaintiff,**

v.

**UNIVERSITY OF PUERTO RICO,
et al., Defendants.**

**Civil No. 95–1021 (DRD).**

United States District Court,
D. Puerto Rico.

March 31, 1997.

Frederico Lora–Lopez, San Juan, PR, for plaintiff.

James D. Noel, McConnell Valdes, San Juan, PR, Raquel M. Dulzaides, Jimenez, Graffam and Lausell, San Juan, PR, for University of Puerto Rico.

James D. Noel, McConnell Valdes, San Juan, PR, Raquel M. Dulzaides, Jimenez, Graffam and Lausell, San Juan, PR, Mayra Maldonado–Colon, Dept. of Justice, Federal Litigation Div., San Juan, PR, for Jose Monserrate.

Mayra Maldonado–Colon, Dept. of Justice, Federal Litigation Div., San Juan, PR, for Blanca Borges.

Raquel M. Dulzaides, Jimenez, Graffam and Lausell, San Juan, PR, Mayra Maldonado–Colon, Dept. of Justice, Federal Litigation Div., San Juan, PR, for Sonia Cruz.

Mayra Maldonado–Colon, Dept. of Justice, Federal Litigation Div., San Juan, PR, Johanna Emmanuelli–Huertas, Ponce, PR, for Yamila Azize, Evelyn Otero.

### ORDER

DOMINGUEZ, District Judge.

On June 24, 1996, the Court entered partial judgment dismissing as barred by the statute of limitations several of the plaintiff's claims, including the claims against Dr. Janice Gordils under 42 U.S.C. § 1983 and Puerto Rico's Law 17 (P.R. Laws Ann. tit. 29, § 155 (1995)), and Law 69 (P.R. Laws Ann. tit. 29, § 1321 (1995)). On July 1, 1996, the plaintiff filed a motion for reconsideration, arguing that the Court should reconsider the dismissal of the claims against Dr. Gordils. Docket No. 57.

■ The plaintiff's motion involves a question of tolling of statutes of limitation. "Civil rights actions are characterized by the fact

that § 1983 does not contain a specific statute of limitations.... Consequently, courts have been encouraged to borrow the state statute of limitations which is most appropriate ... or most analogous, to the particular Section 1983 claim.... [T]he most analogous state limitations period will generally be the one reserved for personal torts." *Rodríguez–Narváez v. Nazario*, 895 F.2d 38, 41–42 (1st Cir.1990) (citations omitted). In Puerto Rico, that statute is Civil Code Art. 1868, codified at P.R. Laws Ann. tit. 31, § 5298(2) (1995), which provides a one-year period for personal tort actions.

 As for the tolling of such period, the Puerto Rico Civil Code, at Art. 1873, provides that:

> [The][p]rescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor.

P.R. Laws Ann. tit. 31, § 5303 (Official translation 1990). Whenever the running of a statute of limitations is tolled by any of these three methods, the period of limitations begins to run again from the beginning. *Díaz–de–Diana v. A.J.A.S. Ins. Co.*, 110 P.R. Dec. 471 (1980).

 The third method, voluntary acknowledgment of debt, is not applicable to this case because the defendants have not admitted responsibility. The first method of tolling is likewise inapplicable. Although at first blush the filing of an administrative claim may seem akin to the filing of a complaint in the courts, the Supreme Court of Puerto Rico has held that the filing of administrative claims is instead to be analyzed as an extrajudicial claim. *Secretario del Trabajo v. Finetex Hosiery Co.*, 116 P.R. Dec. 823, 826–27 (1986); *Cintrón v. E.L.A.*, 127 P.R. Dec. 582, 593 (1990). The principal distinction between these two methods is that the filing of a complaint in court will toll the running of the statute of limitations even if the complaint is not notified to the defendant, while an extrajudicial claim *must* be notified to the defendant if it is to have a tolling effect. *Compare Silva–Wiscovich v. The Weber Dental Manufacturing Co.*, 835 F.2d 409 (1987) (statute of limitations was tolled by filing of

suit, even when suit was voluntarily dismissed by the plaintiffs before serving process upon the defendants), *with Secretario del Trabalo v. Finetex*, 116 P.R. Dec. at 827 (timely *notification* of administrative charge tolls running of statute of limitations).

 The Supreme Court of Puerto Rico has often relied on a definition of "extrajudicial claim" written by a Spanish commentator:

> In principle, claim stands for demand or notice. That is: it is an act for which the holder of a substantive right addresses the passive subject of said right, demanding that he adopt the required conduct. The claim, then, is a pretension in a technical sense.

L. Díez–Picazo, *La prescripción en el Código Civil [Prescription in the Civil Code]* (cited in *Díaz–de–Diana*, 110 P.R. Dec. at 476; *Secretario del Trabajo v. Finetex*, 116 P.R. Dec. at 827; *Cintrón V.E.L.A.*, 127 P.R. Dec. at 592). The First Circuit has summarized the applicable Puerto Rico doctrine as to extrajudicial claims as follows:

> [A]n extrajudicial claim does in fact include virtually any demand formulated by the creditor. The only limitations are that the claim must be made by the holder of the substantive right (or his legal representative), ..., it must be addressed to the debtor or passive subject of the right, not to a third party, ..., and it must require or demand the same conduct or relief ultimately sought in the subsequent lawsuit.

*Rodríguez–Narváez*, 895 F.2d at 44. The normal effect of a single extrajudicial claim, such as an administrative charge, is to toll the statute of limitations and thus to start it running again. However, the Court notes that the pendency of administrative proceedings does not prevent the period from running. Therefore, if no further action is taken, upon the expiration of the new period the cause of action will be barred.

 However, the filing of charges of discrimination under Law 100, P.R. Laws Ann. tit. 29, §§ 146–51 (1995), has a different effect. As an exception to the general rule discussed above, the legislature has provided

that once an administrative charge filed with the Department of Labor of the Commonwealth of Puerto Rico for violations of Law 100 has been notified to the employer, the tolling effect continues during the entire pendency of administrative proceedings. *See* P.R. Laws Ann. tit. 29, § 150. The Supreme Court of Puerto Rico has carved out a second exception, holding that the filing of a Title VII claim with the EEOC not only tolls but also suspends the running of the statute of limitations for claims under Law 100 arising out of the same incidents. *Matos Molero v. Roche Products, Inc.*, 132 P.R. Dec. MJ 29,[1] 1993 WL 839826 (1993). The Supreme Court reasoned that the federal legal framework for simultaneously administering claims under Title VII and state anti-discrimination laws presented a special situation that required that Court adopt federal tolling rules for Puerto Rico law-based claims. Therefore, by filing an administrative complaint either with the EEOC or with the Anti-Discrimination Unit of the Department of Labor, *and notifying such charge to the defendants*,[2] a plaintiff can toll the running of the statute of limitations for any claims under Title VII and Law 100. Although the Puerto Rico Supreme Court has not held that the same holds true for claims of violations of Law 69 or Law 17, that may safely be assumed for purposes of this opinion.

 However, as the defendants correctly state, "[a] filing at the EEOC does not constitute an absolute tolling of all claims a plaintiff may have against his employer." Defendants' Opposition to Motion for Reconsideration, Docket No. 59 at p. 2. For an extrajudicial claim to successfully toll the running of a statute of limitations, it must, among other things, "require or demand the same conduct or relief ultimately sought in the subsequent lawsuit." *Rodríguez–Narváez*, 895 F.2d at 44. It is particularly important, when various causes of action arise from the same set of facts, that the claim being made extrajudicially identifies particu-

lar causes of action. *See Galib Frangie v. El Vocero*, 138 P.R. Dec. MJ 66, 1995 WL 905884 at *3 (1995).

Thus, the running of statutes of limitation for causes of action not contained in an extrajudicial claim will not be tolled. Indeed, the Supreme Court of the Commonwealth of Puerto Rico has held that the filing of an administrative charge will not toll the running of the statute of limitations for a tort action, even if the tort arises from the same event which gave rise to the administrative complaint, because the administrative agency had no jurisdiction over tort claims. *Cintrón*, 127 P.R. Dec. at 595–96 ("[T]he appeal filed by respondent before the [Administrative Appeals Board] did not toll the running of the statute of limitations for his action in tort for the alleged violation of his constitutional rights.") (translation ours). The Court reasoned that:

> By its nature, the action before [the Appeals Board] and the judicial action do not pursue identical goals. The action before [the Appeals Board], the way that it is regulated, does not provide means for revealing the intention or desire of the creditor of conserving and demanding the right to be compensated for the damages suffered. Because of that, the exercise [of the administrative action] does not qualify as a pretension capable of tolling the running of the statute of limitations for the civil action.

*Id.* at 595 (translation ours). *See also Delgado–Rodríguez v. Nazario*, 121 P.R. Dec. 347 (1988). This decision parallels the one reached by the U.S. Supreme Court in *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (holding that the filing of an E.E.O.C. charge for violations of Title VII does not toll the running of the statute of limitations for a cause of action under 42 U.S.C. § 1981 arising out of the same facts as the charge).

---

1. · This citation format may be unfamiliar to the parties. It is the citation format used by Micro-Juris, a private on-line legal database service, for cases that have not yet been assigned an official citation. The number following the "MJ" identifies the case, not the page.

2. The failure to notify Dr. Gordils of the charges against her is a critical factor in this case, as the discussion below will show.

There is also nothing to the contrary in the holdings of the Puerto Rico Supreme Court in *Secretario del Trabajo v. Finetex*, 116 P.R. Dec. 823, and in *Matos Molero*, 132 P.R. Dec. MJ 29. In *Secretario del Trabalo v. Finetex*, an employee filed a charge with the Commonwealth Department of Labor alleging that he had been discriminated against in violation of local law. The Secretary of Labor then filed a lawsuit against the employer on behalf of the employee, alleging violations of local law. The Commonwealth Supreme Court merely stated that when the administrative charge alleges the *same* sort of violations for which redress is later sought in a lawsuit, the notification of the administrative charge is sufficient to constitute an extrajudicial claim which tolls the running of the statute of limitations for the underlying cause of action. Similarly, in *Matos Molero,* the filing of an E.E.O.C. charge alleging violations of federal employment law was held to toll the running of the statute of limitations for an equivalent cause of action under Puerto Rico law. This result is perfectly consistent with the requirement that the substantive claims raised in the extrajudicial claim must be identical to the substantive claims raised in the subsequent judicial complaint.

In the case at hand, the plaintiff filed a charge against the defendants in their official capacities with the Anti–Discrimination Unit for violations of various employment discrimination laws on December 14, 1993. There is no evidence, however, that Dr. Gordils was personally notified of the charge; instead, it appears that only Dr. Benitez received notice of the charges. The ADU issued the plaintiff a right-to-sue letter on July 29, 1994, authorizing the plaintiff to bring suit for violations of Puerto Rico employment discrimination laws. Subsequently, the local office of the EEOC issued the plaintiff a right-to-sue letter on October 19, 1994, authorizing the plaintiff to bring suit for violations of federal employment discrimination laws. This letter was confirmed on July 20, 1995, by the U.S. Department of Justice. The plaintiff filed the instant complaint on January 9, 1995, slightly over two years after the initial administrative charge was filed.

There are two reasons why, in the case at hand, the plaintiff's charge before the ADU did not toll the running of the statute of limitations for her cause of action under 42 U.S.C.A. § 1983 against Dr. Gordils. First, the filing of the charge could not serve as an extrajudicial claim of her cause of action under 42 U.S.C.A. § 1983 for the alleged violation of her constitutional rights because neither the E.E.O.C. nor the Puerto Rico Anti–Discrimination Unit have jurisdiction over such claims. Thus, even assuming, for the sake of argument, that the charge had been notified to Dr. Gordils, the effect of such filing would be exclusively to toll the employment discrimination claims. The cause of action under 42 U.S.C.A. § 1983 is therefore barred by the applicable statute of limitations.

Second, even if the filing of the ADU charge had constituted an extrajudicial claim that tolled the statute of limitations for the section 1983 claim, the most that this could have done would be to have restarted the running of the one-year statute of limitations. The pendency of the administrative proceedings does not maintain the section 1983 claim in a state of suspended animation. *Cf. Matos Molero,* 132 P.R. Dec. MJ 29; *Secretary of Labor v. Finetex,* 116 P.R. Dec. 823 (the only claims that are so maintained are those brought under employment discrimination laws). There is no evidence that any other extrajudicial claims were notified to the defendant. Because the suit was filed more than one year after the charge was filed, the suit was untimely.

Finally, the plaintiff's charge before the ADU did not toll the running of the statute of limitations for her causes of action under Law 17 and Law 69 against Dr. Gordils. Unlike filing a lawsuit, the mere filing of an administrative charge is insufficient to toll the running of a statute of limitations *even for causes of action under employment discrimination laws.* Because an administrative charge operates as an extrajudicial claim, it must be personally notified to the defendant if it is to have a tolling effect. However, the plaintiff has not provided any evidence that Dr. Gordils was ever personally

notified of the administrative charge. Therefore, the filing of the administrative charge did not toll the running of the statute of limitations for the causes of action under Puerto Rico Laws 17 and 69 against Dr. Gordils in her personal capacity.

WHEREFORE the motion for reconsideration is denied.

IT IS SO ORDERED.