# 99 DTA 205

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL III DE ARECIBO/UTUADO

SANDRA RIOS CABAN Y LA SOCIEDAD LEGAL
DE GANANCIALES COMPUESTA CON SU ESPOSO
Recurridos

v.

ABBOT PUERTO RICO OPERATIONS
Peticionaria

Núm. KLCE-99-00401

San Juan, Puerto Rico, a 10 de junio de 1999

Panel integrado por su Presidenta, Juez Pesante Martínez,
Y los Jueces Martínez Torres y Salas Soler

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Comparece ante esta Curia la parte peticionaria, Abbott Puerto Rico Operations (Abbott), mediante el recurso de epígrafe, en el interés de que se revoque la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo, que declaró No Ha Lugar la moción de sentencia sumaria por ellos presentada.

Por los fundamentos que habremos de exponer, denegamos la expedición del auto de *certiorari*.

### I

La recurrida, Sandra Ríos Cabán trabajaba para Abbott. El 23 de febrero de 1998, la señora Ríos presentó una querella por alegado despido ilegal. Alegó que como consecuencia de una agresión por parte de un supervisor, cayó en un estado depresivo que la obligó a buscar ayuda médica especializada y eventualmente se reportó al Fondo del Seguro del Estado (FSE).

La agencia evaluó su caso y determinó que su condición no se relacionaba con el trabajo, por lo cual procedió a darle de alta.

Posteriormente, la señora Ríos regresó a su empleo y solicitó un acomodo razonable. Abbott le negó su petitorio y, además la separó de su empleo, por lo cual ésta presento una querella ante la Unidad Anti-Discrimen (UAD). En dicha querella reclamó haber sido discriminada por Abbott por razón de su alegada condición mental de depresión.

Una vez terminado los procedimientos ante esta agencia, se cerró el caso. La UAD notificó su determinación tanto a las partes, como a la agencia federal, *"Equal Employment Opportunity Commission"* (E.E.O.C.)

Posteriormente, el 21 de febrero de 1997, la agencia federal autorizó a la señora Ríos a demandar a Abbott. (Right to sue). La autorización se recibió en la UAD el 27 de febrero de 1997. La señora Ríos procedió entonces a presentar una querella contra Abbott ante el tribunal, el 23 de febrero de 1998, acogiéndose al procedimiento sumario provisto por la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. §3118, *et seq.*

Abbott negó el incidente de agresión con el supervisor. Expuso como defensas afirmativas que la querella estaba prescrita, que no se especificaba cuál era el impedimento que padecía la señora Ríos y, por ende, no se establecía una causa de acción bajo el *"American with Disabilities Act"* 42 U.S.C.A. 12101, *et seq.*, o la Ley Núm. 44 del 2 de julio de 1985 ( 1 L.P.R.A. §501, *et seq.*).

Abbott presentó una moción para que se dictara sentencia sumaria. Adujo que la UAD culminó el caso de la señora Ríos el 28 de enero de 1997 y la notificación se recibió el 6 de febrero del mismo año. Habiéndose presentado la demanda el 23 de febrero de 1998, conforme lo entendió Abbott, la acción estaba prescrita. Alegó, además, que para cobijarse bajo los beneficios de la Ley Núm. 44, *supra*, el impedimento del empleado no puede ser de tal grado que lo incapacite totalmente para trabajar y que la recurrida estuvo en todo momento incapacitada para trabajar con o sin acomodo razonable.

Por último, Abbott adujo que la fecha a tomar en consideración para computar el término de doce (12) meses para reservarle el empleo a la señora Ríos, era el 18 de enero de 1996, fecha en que surgió su condición emocional por el alegado incidente de agresión. Por tanto, Abbot determinó que el término venció el 14 de enero de 1997. Cabe señalar que a esa fecha la señora Ríos no había sido dada de alta de manera definitiva.

La recurrida se opuso a que se dictara sumaria. En síntesis, planteó que la presentación de la querella ante la agencia federal interrumpió el término prescriptivo, por lo que al presentarse la querella, la misma no estaba prescrita.

Atendiendo la alegación de Abbott respecto a que estuvo incapacitada todo el tiempo para trabajar con o sin acomodo razonable, sostuvo, que si bien era cierto que al presente está incapacitada para trabajar, también era cierto que para fines del mes de marzo de 1996, se determinó por un galeno que no estaba incapacitada. Este recomendó relocalizarla con supervisores distintos. Adujo la recurrida que el hecho de negarle el acomodo razonable tuvo como resultado el deterioro de su condición, al extremo de ocasionarle una incapacidad total que le impidió regresar a su trabajo.

Luego de analizadas las respectivas alegaciones de cada parte, el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud de sentencia sumaria. Determinó que el término prescriptivo era de un año, que dicho término se interrumpió al presentar la querella ante la E.E.O.C. y que el mismo comenzó a decursar nuevamente una vez finalizaron los procedimientos ante dicha agencia. Concluyó, además, que existía una controversia de hechos en torno a la incapacidad de la recurrida al momento de solicitar reinstalación a su empleo. Inconforme con la anterior determinación, Abbott presentó el recurso de epígrafe.

Como primer señalamiento, la peticionaria adujo que no se aplicaron las normas de interrupción de prescripción a tenor con la Ley Núm. 10 de 31 de mayo de 1991, 29 L.P.R.A. *et seq.*

Señaló como segundo error la determinación de que existía una controversia de hechos que impedían que se dictara sentencia sumaria.

Examinada la totalidad del expediente, resolvemos que los aludidos errores no se cometieron, razón por la cual denegamos la expedición del auto solicitado. Veamos.

**II**

La Ley Núm. 44 del 2 de julio de 1985, *supra*, prohibe el discrimen contra las personas con impedimentos. Las personas así discriminadas pueden acogerse a los remedios provistos por la Ley Núm. 100 de 30 de junio de 1959, según enmendada por la Ley Núm. 10 de 31 de mayo de 1991 (29 L.P.R.A. §146, *et seq.*) 1 L.P.R.A. §511.

En *Olmo v. Young Rubicam of PR,* 110 D.P.R. 740 (1981), el Tribunal Supremo resolvió que en ausencia de legislación en contrario, el plazo prescriptivo para instar una acción al amparo de la Ley Núm. 100, *supra,* o de violación de derechos civiles, era de un (1) año.

En atención a lo anterior resolvemos que el término para instar una querella por violación a la Ley Núm. 44, *supra,* es un año y que el mismo quedó interrumpido desde que se le notificó a Abbott de la presentación de una querella en la UAD. *Matos Molero v. Roche Products, Inc.,* ___ D.P.R. ___ (1993), **93 J.T.S. 6,** opinión de 14 de enero de 1993; *Srio. del Trabajo v. Finetex Hosiery co. Inc.,* 116 D.P.R. 823 (1986). En el caso que nos ocupa, luego de terminado el caso en la agencia estatal, el mismo fue referido a la E.E.O.C. Una vez presentada la querella ante la agencia federal, no comenzó un pleito nuevo; por el contrario, continuaron los procedimientos administrativos. Por ende, hasta que finalizaron dichos procedimientos, el término prescriptivo no transcurrió. Tan pronto la recurrida obtuvo autorización para demandar a su patrono, el período prescriptivo comenzó a decursar. Aun si consideramos como alternativa que el término prescriptivo comenzó a correr una vez cerrado el caso en la UAD, obtenemos igual resultado, dado que se paralizó nuevamente al presentarse la querella ante la agencia federal.

Como mencionáramos, la notificación autorizando la acción de la recurrida se recibió el 27 de febrero de 1997 en la UAD. La recurrida entabló el pleito, el 23 de febrero del 1998. Un simple cálculo matemático nos arroja luz sobre este asunto. La acción no estaba prescrita. Aun tomando como base la fecha en que fue enviada la misiva, el 21 de febrero de 1999, la querella se presentó a tiempo, pues, como es sabido, si la fecha de vencimiento recae en día feriado, o fin de semana, el vencimiento se transfiere al próximo día laborable. El día 21 de febrero de 1992, asumiendo que fuere la fecha de vencimiento, fue sábado; por lo tanto, el término se extendió hasta el lunes 23 de febrero. No le asiste la razón a la parte peticionaria.

### III
La Regla 36.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.2, permite a un demandado de una moción *"presentar una moción basada o no en declaraciones juradas para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación"* *Revlon v. Las Américas Trust Co.,* ___ D.P.R. ___ (1994), **94 J.T.S. 27,** opinión de 15 de mayo de 1994; *H.M.C.A. (P.R.), Inc. v. Contralor,* ___ D.P.R. ___ (1993), **93 J.T.S. 112,** opinión de 30 de junio de 1993; *Worldwide Food Distributors, Inc. v. Colón Bermúdez,* ___ D.P. R. ___ (1993), **91 J.T.S. 114,** opinión de 30 de junio de 1993.

La sentencia sumaria como instrumento procesal es un remedio discrecional extraordinario que sólo se concederá cuando la evidencia que se presente con la moción establezca con claridad la existencia de un derecho. Mediante dicho mecanismo procesal se pretende obtener un remedio rápido y eficaz en casos en que quede demostrado que no existe una controversia sobre los hechos materiales del litigio. *P.F.Z. Properties v. General Accident Insurance,* ___ D.P.R. ___ (1994), **94 J.T.S 116,** opinión de 7 de septiembre de 1994; *Medina Morales v. Merck, Sharp & Dome,* ___ D.P.R. ___ (1994), **94 J.T.S. 52,** opinión de 7 de abril de 1994; *Caquías Mendoza v. Asoc. Residentes Mansiones de Río Piedras,* ___ D.P.R. ___ (1993), **93 J.T.S. 127,** opinión de 25 de agosto de 1993. Utilizada de forma apropiada, la sentencia sumaria contribuye a descongestionar los calendarios judiciales. *Méndez Arocho v. El Vocero de P.R.,* 130 D.P.R. 867 (1992).

El uso del mecanismo de sentencia sumaria tiene que ser mesurado y procederá sólo cuando el tribunal quede claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes, y de que, por lo tanto, una vista en los méritos resultaría innecesaria. *Casto Soto v. Hotel Caribe Hilton,* ___ D.P.R. ___ (1994), **94 J.T.S. 128,** opinión de 17 de octubre de 1994.

La Regla 36.4 de Procedimiento Civil, *supra,* impone el deber al juez de primera instancia de determinar los

hechos en controversia y declarar los que no lo están cuando no puede dictar sentencia sumaria, siempre que ello contribuya a ahorrar gastos y esfuerzo y a simplificar los asuntos pendientes para juicio en su fondo.

El tribunal apelativo utilizará los mismos criterios que el tribunal de instancia al determinar si procede una sentencia sumaria. Su función se limitará a determinar si existe o no alguna controversia genuina de hechos materiales y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales en disputa. Esa tarea le corresponde al foro de instancia. El tribunal de instancia concluyó que existía una controversia de hechos. Ello debido a que de los documentos que obraban en el expediente no surgía claramente si la recurrida estaba o no capacitada para regresar a su empleo a finales de marzo de 1996.

Alegó la peticionaria en el presente recurso que el tribunal erróneamente tomó en consideración un informe del doctor Pérez Muñoz con fecha del 26 de febrero de 1996. En dicho informe, el galeno recomendó relocalizarla y cambiarle los supervisores.

Adujo, además, que dicho documento no fue autenticado en la declaración jurada prestada por la señora Ríos. Abbott, por tanto, contiende la admisibilidad del informe médico.

Los jueces no están constreñidos por los hechos o documentos evidenciarios que se aduzcan en la solicitud de sentencia sumaria. Deben considerar todos los documentos en autos, sean o no parte de la solicitud, de los cuales surjan admisiones hechas por las partes. *Cuadrado Lugo v. Santiago Rodríguez,* 126 D.P.R. 272 (1990).

El requisito de autenticación o identificación como una condición previa a la admisibilidad se satisface con la presentación de evidencia suficiente para sostener una determinación de que la materia en es lo que el proponente sostiene. 32 L.P.R.A., Ap. IV, R. 75.

Una de las formas de autenticar es mediante evidencia de que la parte contra quien se ofrece admitió su autenticidad en cualquier momento o mediante evidencia de que ha sido aceptado como auténtico por la parte contra la cual se ofrece. 32 L.P.R.A. Ap. IV, R. 76 (G).

Entendemos que el informe estuvo debidamente autenticado. No era necesario para ello una descripción detallada de su contenido en la declaración jurada que prestó la señora Ríos. Resulta suficiente la referencia que del documento hizo la recurrida. ■ Por otro lado, aun cuestionando la admisibilidad del documento por constituir prueba de referencia, el mismo cae bajo una de las excepciones provistas por las Reglas de Evidencia. ■ Por tanto, resulta forzoso concluir que el alegado error no se cometió.

Habida cuenta de lo anterior, se deniega la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria Ceneral.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 99 DTA 205**

**1.** Exhibit D, a la pág. 91, inciso décimo cuarto.

**2.** Véase, 32 L.P.R.A., Ap. IV, R. 65 (D).