Salas Soler, Juez Ponente
*618 TEXTO COMPLETO DE LA SENTENCIA
Acude ante nos la señora Sandra Maldonado Vega, mediante esta apelación, en la que solicita que se revoque la sentencia parcial dictada por la Honorable Emilia M. Román Narváez, Juez del Tribunal de Primera Instancia, Sala Superior de Arecibo. Mediante ésta, se declaró prescrita la causa de acción que por razón de discrimen por embarazo y vacaciones interpusiera la apelante. Luego de considerar detenida y cuidadosamente las articuladas comparecencias de las partes, así como el derecho aplicable, resolvemos que procede confirmar y revocar en parte la sentencia apelada.
HECHOS
El 11 de marzo de 1996, la señora Sandra Maldonado Vega (en adelante señora Maldonado) presentó una querella por alegado discrimen por embarazo, contra el señor Pedro Russe Santiago, su esposa y la Sociedad Legal de Gananciales compuesta por ambos.
El 30 de junio de 1998, el señor Pedro Russe Santiago presentó una moción de desestimación, alegando que la acción estaba prescrita, la cual el hermano foro de instancia la acogió como una Moción de Sentencia Sumaria.
El 10 de julio de 1998, la señora Maldonado se opuso a la Solicitud de Sentencia Sumaria, alegando, en síntesis, que la acción no estaba prescrita por entender que el término prescriptivo pertinente era el trienal establecido por la Ley Núm. 80 del 30 de marzo de 1976, 29 L.P.R.A. see. 185 et seq. y, por lo tanto, su acción no estaba prescrita. También alegó que la radicación de la querella en el Departamento del Trabajo y Recursos Humanos interrumpió el término prescriptivo, por lo que la querella presentada posteriormente en el tribunal no estaba prescrita.
La señora Maldonado presentó el 15 de julio de 1998 una solicitud de sentencia sumaria parcial. En dicha sentencia la señora Maldonado alegó que no existía controversia en cuanto a que: a) ella comenzó a trabajar en febrero de 1990 con el Ledo. Héctor Russe quien para ese entonces era el dueño de Happy Fried Chicken (en adelante HFC); b) que en julio de 1993, el Ledo. Russe vendió el negocio HFC a su padre Pedro Russe Santiago, el aquí querellado y que en marzo de 1994 fue despedida; y c) que acudió al Departamento del Trabajo y éste determinó que su despido había sido injustificado.
El 14 de agosto de 1998, el señor Pedro Russe Santiago se opuso a la solicitud de sentencia sumaria, alegando que la señora Maldonado nunca fue despedida, aunque sí suspendida como consecuencia de la terminación de un contrato que tenía La Campesina Food Products (en adelante La Campesina) con el Departamento de Educación para proveerle alimentos tales como pasteles, etc.
El 26 de agosto de 1998, la señora Maldonado presentó una Réplica a la Oposición a la solicitud de sentencia sumaria, alegando que ella pasó a trabajar temporeramente con La Campesina, pero se mantenía en la nomina de HFC. Alegó que de la documentación del caso se desprende que ella era empleada de HFC, y no de La Campesina por lo que se debería de entender que fue despedida de HFC y no de La Campesina.
Ante los hechos presentados, el Tribunal de Primera Instancia dictó sentencia sumaria parcial en la que desestimó la causa de acción de la señora Maldonado por estar prescrita.
Inconforme con este dictamen, recurre ante nos la señora Maldonado con el recurso de título en el que, en síntesis, alega que el Tribunal de Primera Instancia erró al: a) determinar que la causa de acción al amparo de *619 la Ley de Protección de Madres Obreras está prescrita; b) no considerar evidencia admitida que demuestra que el término prescriptivo fue interrumpido por gestiones de reclamación extrajudicial; y c) desestimar la totalidad de la querella donde se acumularon otras causas de acción independientes a la reclamación del remedio que concede la Ley de Protección de Madres Obreras, supra.
Luego de examinadas las comparecencias de las partes, así como el derecho aplicable, resolvemos que procede confirmar en parte y revocar en parte la sentencia sumaria parcial apelada.
EXPOSICION Y ANALISIS
-A-
La sentencia sumaria es un mecanismo procesal extraordinario y discrecional que procede cuando la parte promovente le demuestra al tribunal que no existe necesidad de que se celebre una vista evidenciária del caso en su fondo. Guerrido García v. Universidad Central de Bayamón, Opinión de 30 de mayo de 1997, 97 J.T.S. 79, pág. 1104; Medina v. Merck, Sharp & Dohme, Opinión de 7 de abril de 1994, 94 J.T.S. 52. Por consiguiente, la moción mediante la cual se solicita que se dicte sentencia sumaria obliga a que se presente la prueba que se utilizaría durante el juicio en respaldo de las alegaciones. Méndez Arocho v. El Vocero de P.R., 130 D.P.R. 867, 873 (1992).
El propósito de dicho mecanismo es el de promover la solución justa, rápida y económica del litigio, abreviando la disposición de pleitos que, por no existir una controversia genuina de hechos materiales, no deben llegar a la etapa de juicio en su fondo. Rivera et al. v. Superior Pkg. Inc. et al., 132 D.P.R. 115, 133 (1992).
La Regla 36.3 de Procedimiento Civil, 32 L.P.R.A., Ap. III, establece que una sentencia sumaria procede si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, demuestran que no hay controversia real sustancial en cuanto a hecho material alguno y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte que lo solicita. Pilot Life Ins. Co. v. Crespo Martínez, Opinión de 13 de julio de 1994, 94 J.T.S. 104.
Al hacer el análisis de una moción de sentencia sumaria, el tribunal debe examinar la totalidad de los autos a la luz que más favorezca a la parte promovida. Medina v. Merck, Sharp & Dohme, supra; Morales v. Ramírez, 906 F 2d. 784, 785 (1er Cir. 1990). “Sólo debe concederse la moción de sentencia sumaria desestimando una reclamación cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de la prueba”. Medina v. Merck, Sharp & Dohme, supra, a la pág. 11789.
El Tribunal Supremo ha expresado en diversas ocasiones que no es aconsejable utilizar el mecanismo de sentencia sumaria en aquellos casos en que existe controversia sobre elementos subjetivos de intención, negligencia, propósitos mentales o cuando el factor credibilidad es esencial. Soto v. Hotel Caribe Hilton, Opinión de 17 de octubre de 1994, 94 J.T.S. 128. La razón para ello es que en este tipo de casos es sumamente difícil que el tribunal pueda reunir ante sí toda la verdad de los hechos a través de documentos. Con estos pronunciamientos en mente, discutiremos si el hermano foro de instancia erró al dictar la sentencia sumaria parcial.
-B-
La reclamación de discrimen por razón de embarazo presentada en este caso se fundamenta en la Ley Núm. 3 del 13 de mayo de 1942, 29 L.P.R.A. sec. 469, y la Ley Núm. 69 del 6 de julio de 1985, 29 L.P.R.A. sec. *620 1341. Ninguno de estos estatutos expresa cuál es el término prescriptivo de las causas de acción que allí se reconocen. Ante el silencio de estas leyes procede utilizar el método analógico para determinar el término prescriptivo de las acciones instadas a tenor con las mismas. Suárez Ruiz v. Figueroa Colón, Opinión de 25 de marzo de 1998, 98 J.T.S. 32; Lozada Torres v. Collazo, 111 D.P.R. 702 (1981); Olmo v. Young & Rubicam of P.R., 110 D.P.R. 740 (1981).
En vista de que tanto la Ley Núm. 3, supra, que fue creada para evitar el discrimen contra la mujer embarazada en su trabajo y la Ley Núm. 69, supra, que prohibe el discrimen en el empleo por razón de sexo, forman parte del ‘‘esquema legislativo dirigido a erradicar el discrimen por razón de sexo en el empleo, por éstas reconocer acciones de carácter indemnizatorio de naturaleza similar a las acciones instadas a tenor con la Ley Núm. 100 y las acciones bajo el artículo 1802 del Código Civil y por iguales fundamentos a los esbozados en Olmo v. Young & Rubicam of P.R., Inc., supra, resolvemos que en ausencia de disposición legislativa, el término prescriptivo de las acciones instadas a tenor con las mencionadas leyes es el de un (1) año". Suárez Ruiz v. Figueroa Colón, supra, a la pág. 720.
Una vez establecido el término prescriptivo que se tenía para radicar la presente acción judicial, resulta oportuno revisar los principios generales acerca de las formas de interrupción de la prescripción. Id.
La prescripción se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier reconocimiento de deuda por el deudor. Artículo 1873 del Código Civil, 31 L.P.R.A. sec. 5303. Díaz de Diana v. AJAS Ins. Co., 110 D.P.R. 471 (1980). La reclamación extrajudicial es el acto mediante el cual el titular de un derecho le informa al sujeto que viene obligado por éste, de su reclamación. Diana v. A.J.A.S. Ins. Co., 110 D.P.R. 471, 476 (1980).
La señora Maldonado acudió el 12 de junio de 1994 al Negociado de Normas del Trabajo en el Departamento del Trabajo, alegando que había sido despedida injustificadamente. Esta alega que esta acción tuvo el efecto de interrumpir su causa de acción por despido discriminatorio. Sin embargo, no fue hasta el 11 de marzo de 1996 que la querella de autos fue radicada y donde por primera vez se alegó que había sido despedida por razón de su embarazo.
La señora Maldonado no tiene razón en su alegación. El Tribunal Supremo ha reconocido que la radicación de una querella administrativa ante la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos o ante la Oficina Federal de Igualdad de Oportunidades en el Empleo tiene el efecto de congelar el término prescriptivo, si se notifica al querellado dentro del término prescriptivo de un año. Matos v. Roche Products, Opinión de 14 de enero de 1993, 93 J.T.S. 6; Srio. del Trabajo v. F.H. Co., 116 D.P.R. 823 (1985).
Ahora bien, la querella que la señora Maldonado radicó ante el Negociado de Normas del Departamento del Trabajo no tuvo el efecto de congelar el término prescriptivo para la radicación posterior de la acción por alegado discrimen en el empleo, toda vez que no hay identidad de propósitos entre ambas acciones. La acción radicada por la señora Maldonado ante el Negociado de Normas fue por despido injustificado y la reclamación que el Departamento del Trabajo le hiciera como resultado de su investigación al señor Pedro Russe Santiago fue a los efectos de exigir el pago de salarios dejados de devengar, más la reposición de la señora Maldonado a su antiguo puesto. Es decir, que estas reclamaciones hechas por el Departamento del Trabajo no tuvieron el efecto de advertir al señor Pedro Russe Santiago sobre su posible responsabilidad por el alegado discrimen por razón de embarazo contra la señora Maldonado, y por el cual ésta radicó posteriormente una acción judicial. No cumple ello con la razón de ser de cualquier reclamación extrajudicial que obtenga como resultado la interrupción del término prescriptivo de la acción judicial a ejercerse. Diana v. A.J.A.S., supra.
*621 Por lo cual, habiéndose suspendido de empleo a la señora Maldonado el 9 de marzo de 1994, habiéndose radicado la querella ante el hermano foro de instancia el 11 de marzo de 1996, y en virtud de la ausencia total de controversias de hechos en cuanto a este aspecto del caso, es meritorio concluir que la acción de discrimen por razón de embarazo está prescrita, como muy bien señalara el hermano foro de instancia en la sentencia sumaria parcial dictada.
-C-
Si bien hemos dicho que la causa de acción por discrimen por razón de embarazo y de discrimen por razón de sexo está prescrita, no podemos por ello decir que la causa de acción en la que la señora Maldonado reclama mesada y vacaciones lo está de igual forma.
En el caso de autos, la señora Maldonado, además de presentar la causa de acción por discrimen, reclamó la mesada por despido injustificado al amparo de la Ley Núm. 80, supra, y el pago de vacaciones al amparo de la Ley Núm. 69, supra. En ambas disposiciones legales, el legislador dispuso el término prescriptivo de tres (3) años. 29 L.P.R.A. sec. 185(1); 29 L.P.R.A. sec. 246(d).
Toda vez que la querella de la señora Maldonado fuera radicada a tan sólo dos (2) años de su alegado despido, concluimos que las acciones por despido injustificado y por vacaciones no están prescritas. Por lo cual, resolvemos que el Tribunal de Primera Instancia erró al declarar prescritas las causas de acción al amparo de la Ley Núm. 80, supra, y la Ley Núm. 69, supra, procediendo entonces que se devuelva el caso a instancia para que se continúen los procedimientos de acuerdo a nuestro dictamen.
DICTAMEN
Por todo lo anterior, resolvemos que el Tribunal de Primera Instancia actuó correctamente al determinar que las causas de acción al amparo de la Ley Núm. 3 del 13 de mayo de 1942, 29 L.P.R.A. sec. 469 y la Ley Núm. 69 del 6 de julio de 1985, 29 L.P.R.A. sec. 1341, estaban prescritas y que erró al desestimar por prescripción las causas de acción al amparo de Ley Núm. 80 del 30 de mayo de 1976, 29 L.P.R.A. sec. 185(a) et seq. y la Ley Núm. 69 del 26 de junio de 1956, 29 L.P.R.A. sec. 245 et seq. Se instruye devolver el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a nuestro dictamen.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 2000 DTA 9
1. Ley Núm. 3 del 13 de mayo de 1942, 29 L.P.R.A. 469 y sig.