Brau Ramírez, Juez Ponente
*734 TEXTO COMPLETO DE LA RESOLUCION
I
Los esposos recurridos Emma Lou Carreras y Reinaldo Carreras son doctores en medicina y residentes de Ponce.
El presente recurso tiene su origen en hechos ocurridos en enero de 2000. En esa ocasión, los recurridos acudieron al negocio de la peticionaria, Supermercado La Familia Selectos (“Selectos”) en Ponce, donde compraron, entre otros productos, un “six pack” de botellas de club soda marca Canada Dry. Dicho producto es supuestamente fabricado por Cadbury Beverages, Inc. (“Cadbury”), sucesora de interés de su fabricante original, Dr. Pepper/Seven Up, Inc. (“Dr. Pepper”) y embotellado en Puerto Rico por CCI Limited Partership hI n/c Coca Cola Puerto Rico Bottlers Co. (“Coca Cola”).
Al llegar a su hogar, la Sra. Carreras abrió una de las botellas de club soda. Después de haber ingerido parte de su contenido, notó que tenía mal sabor. Al inspeccionar la botella, los recurridos se percataron que la misma contenía sustancias desconocidas consistentes en los restos de un ratón o excremento de cucaracha.
Como resultado de lo anterior, los recurridos sufrieron daños.
Posteriormente, los recurridos contrataron a un abogado para reclamar por los daños sufridos. El 23 de septiembre de 2000, el representante legal de los recurridos envió la siguiente comunicación a Selectos:

“Estimados señores:

Allá para el mes de febrero de 2000, mi cliente, la Dra. Emma Lou Carreras, MD, compró un “six pack” de Canada Dry club soda en su establecimiento de la carretera 14 de Ponce, Puerto Rico.

Varias de las botellas contenían sustancias que aparentemente eran los restos de un ratón y/o el excremento de una cucaracha.

Favor de indicamos su compañía de seguros y dirección, ya que la Dra. Carreras sufrió daños al ingerir el contenido de una de las botellas.

Favor de indicarnos la dirección de Canada Dry en Puerto Rico y/o la compañía que la distribuye.

De no oír de ustedes, procederemos a radicar una demanda por daños y perjuicios.

*735
Cordialmente,

Posteriormente, el 23 de febrero de 2001, la parte recurrida instó la presente demanda por daños y perjuicios ante el Tribunal de Primera Instancia, Sala Superior de Ponce, contra Selectos, Canada Dry y las respectivas aseguradoras de dichas partes.
En su demanda, los recurridos alegaron que los hechos habían ocurrido el 26 de febrero de 2000.
La demanda fue enmendada en mayo de 2001 para incluir como partes demandadas adicionales a Cadbury, Dr. Pepper, Coca Cola y a las compañías aseguradoras de éstas.
Las partes codemandas contestaron la demanda, negando las alegaciones. Selectos presentó una demanda contra coparte contra Coca Cola, la que fue contestada por ésta.
Luego de otros incidentes, las partes tomaron una deposición a la parte recurrida. Durante la misma, dicha parte declaró que la compra del agua de soda se había producido el 28 ó 29 de enero de 2000.
En vista de dicha declaración, Selectos presentó una solicitud de desestimación y sentencia sumaria, alegando que la demanda estaba prescrita por haber sido presentada fuera del término de un año establecido por el articuló 1868 del Código Civil, 31 L.P.R.A. see. 5298.
En su moción, Selectos planteó que la carta que le fue enviada por el representante legal de los recurridos el 23 de septiembre de 2000, no tuvo el efecto de interrumpir el término prescriptivo, porque dicha carta no constituia, como tal, una reclamación contra Selectos por los daños ocasionados.
Los recurridos se opusieron a la moción de Selectos.
El 3 de septiembre de 2003, mediante la resolución recurrida, el Tribunal de Primera Instancia denegó la moción de desestimación de Selectos.
En su resolución, el Tribunal de Primera Instancia concluyó que, contrario a lo alegado por Selectos, la carta enviada a dicha parte por los recurridos sí había tenido el efecto de interrumpir el período prescriptivo. La distinguida Sala expresó:

“Nuestro Tribunal Supremo ha reiterado que la carta es una forma idónea para la reclamación extrajudicial. Un examen de la carta que la parte demandante aneja a su Réplica a la Moción de Desestimación y Solicitud de Sentencia Sumaria refleja que la misma cumple con los requisitos antes mencionados. Dicha carta tiene fecha de 23 de septiembre de 2000; por lo tanto, fue oportuna, ya que la cursó antes de la consumación del plazo prescriptivo. Además, existe legitimación del reclamante, ya que la carta fue suscrita por el... representante legal de la parte demandante. El contenido de la carta y las alegaciones de la demanda demuestran que existe identidad entre el derecho reclamado y aquél afectado por la prescripción. La carta menciona brevemente la ocurrencia de un hecho para el mes de febrero de 2000, que alegadamente ocasionó daños, e informa sobre la intención de proceder a radicar una demanda en daños y perjuicios. La demanda fue formalmente presentada el 23 de febrero de 2001. Aun tomando como fecha de la ocurrencia del alegado incidente, la de finales de enero de 2000, entendemos que el año prescriptivo no había transcurrido por motivo de la interrupción provocada por la reclamación extrajudicial evidenciada.

Este Tribunal concluye que la carta cursada por la demandante constituyó una reclamación extrajudicial que tuvo el efecto de interrumpir la prescripción. Por ende, no podemos determinar que la demanda esté 
*736
prescrita. La fecha de la ocurrencia del alegado incidente, si es que se establece que ocurrió según reclamado, será un hecho que requerirá de una vista en sus méritos -los documentos que obran en autos demuestran que al presente ese hecho está en controversia. ”

El Tribunal denegó la moción de desestimación de Selectos.
Insatisfecha con este dictamen, Selectos acudió ante este Tribunal.
II
En su recurso, Selectos plantea que el Tribunal de Primera Instancia erró al denegar su moción de desestimación y al concluir que la carta enviada a Selectos por el representante legal de los recurridos había tenido el efecto de interrumpir el término prescriptivo.
La figura de la prescripción extintiva, según se conoce, persigue el propósito de castigar la inercia en el ejercicio de los derechos. Esta figura jurídica responde a una presunción legal de abandono, derivada del hecho del transcurso de un tiempo determinado sin reclamarse un derecho. De esta forma se garantiza la estabilidad de la propiedad y la certidumbre de los demás derechos. Maldonado v. Russe, 153 D.P.R. _ (2001), 2001 J.T.S. 17, a la pág. 834; Santiago v. Ríos Alonso, 156 D.P.R. _ (2002), 2002 J.T.S. 21, a la pág. 714; Meléndez v. El Vocero de Puertto Rico, 144 D.P.R. 389, 394 (1997).
En el caso de las acciones por daños y perjuicios fundadas en negligencia el término prescriptivo es el de un (1) año "desde que lo supo el agraviado", establecido por el art. 1868 del Código Civil, 31 L.P.R.A. see. 5298.
Dicho término, según ha aclarado el Tribunal Supremo de Puerto Rico, se computa a partir de que el perjudicado tuvo conocimiento del daño y estuvo en posición de ejercitar su acción, esto es, conoció la identidad de su causante. Tenorio y Otros v. Hospital Dr. Pila, 159 D.P.R. __ (2003), 2003 J.T.S. 113, a la pág. 1,188; Santiago v. Ríos Alonso, 2002 J.T.S. 21, a la pág. 714; Sánchez v. Aut. de los Puertos, 153 D.P.R. _ (2001), 2001 J.T.S. 34, a la pág. 966; Padín v. Cía. Fom. Ind., 150 D.P.R. _ (2000), 2000 J.T.S. 44, a la pág. 759; Martínez v. Bristol Myers, Inc., 147 D.P.R. 383, 405 (1999).
Ahora bien, conforme al Art. 1873 del Código Civil, la prescripción de las acciones puede ser interrumpida su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor. 31 L.P.R.A. see. 5303; Mun. de San Juan v. Bosque Real, Inc., 158 D.P.R. _ (2003), 2003 J.T.S. 33, a la pág. 636; Maldonado v. Russe, 2001 J.T.S. 17, a la pág. 836; De León v. Caparra Center, 147 D.P.R. 797, 803 (1999); Agosto v. Mun. de Río Grande, 143 D.P.R. 174, 184 (1997).
La reclamación extrajudicial que interrumpe el término prescriptivo de una acción puede manifestarse a través de diversos actos. La ley no exige una forma especial para hacer la reclamación.
No obstante, toda reclamación extrajudicial debe cumplir con los siguientes requisitos para que constituya una interrupción a la prescripción: (1) debe ser oportuna, lo que exige que sea presentada dentro del término establecido; (2) el reclamante debe poseer legitimación, por lo que la reclamación debe ser ejercida por el titular del derecho o acción cuya prescripción pretende interrumpirse; (3) el medio utilizado para realizar la reclamación debe ser idóneo; y (4) debe existir identidad entre el derecho reclamado y aquél afectado por la prescripción. Maldonado v. Russe, 2001 J.T.S. 17, a la pág. 837; De León v. Caparra Center, 147 D.P.R. a la pág. 805; Galib Frangie v. El Vocero de P.R., 138 D.P.R. 560, 567 (1995); Martínez v. Soc. de Gananciales, 145 D.P.R. 93, 102 (1998); véanse, además, González v. Wal-mart, Inc., 147 D.P.R. 215, 218 (1998); Acosta Quiñones v. Matos Rodríguez, 135 D.P.R. 668, 672-674 (1994); Zambrana Maldonado v. E.L.A., 129 D.P.R. 740, 752-753 (1992); Cintrón v. E.L.A., 127 D.P.R. 582, 592-593 (1990); Srio. del Trabajo v. F.H. Co., Inc. 116 D.P.R. 823, 827 (1986); Díaz de Diana v. A.J.A.S. Ins. Co., 110 D.P.R. 471, 476 (1980).
*737 En la situación de autos, el Tribunal de Primera Instancia entendió que la carta enviada a Selectos por la representación legal de la parte recurrida el 23 de septiembre de 2000, había sido eficaz para interrumpir la prescripción.
El Tribunal Supremo de Puerto Rico ha resuelto que este tipo de comunicación de ordinario resulta eficaz para interrumpir la prescripción, si la carta llega a su destino. De León v. Caparra Center, 147 D.P.R. a la pág. 811 n. 9; Hawayek v. A.F.F., 123 D.P.R. 526, 530 (1989).
Selectos admite que la carta en cuestión fue enviada dentro del término prescriptivo por el representante legal de la parte recurrida. La parte peticionaria plantea, sin embargo, que la carta era ineficaz para interrumpir la prescripción porque la misma no exponía una reclamación contra Selectos ni aclaraba la cuantía de los daños reclamados. Selectos sugiere que se trataba de una mera solicitud de información, la cual, según se conoce, de ordinario resulta insuficiente, por sí sola, para la interrupción del plazo. Compárese, González v. Wal-mart, Inc., 147 D.P.R. 215.
Al igual que el Tribunal de Primera Instancia, somos de la opinión que la carta enviada a Selectos constituye una clara manifestación de la voluntad de los recurridos de presentar una reclamación. La misiva, según hemos visto, exponía de manera inequívoca que “la Dra. Carreras sufrió daños al ingerir el contenido de una de las botellas” de la bebida adquirida por los recurridos en el establecimiento de Selectos. Consideramos que del contexto de la carta se desprende claramente que la intención de la parte recurrida era de reclamar por dichos daños.
La peticionaria alega que el propósito de la carta era meramente solicitarle información, ya que en la misma, los recurridos le pidieron que a la peticionaria que suministrara la dirección de Canada Dry.
Pero el hecho de que los recurridos solicitaran la dirección del fabricante no implica que no estuvieran reclamando responsabilidad de Selectos.
En Puerto Rico, según se conoce, tanto los fabricantes como los vendedores de un producto defectuoso responden por los daños ocasionados a los consumidores por dichos productos. Hernández Villanueva v. Hernández, 150 D.P.R._. (2000), 2000 J.T.S. 26, a la pág. 607; Rivera et al. v. Superior Pkg., Inc., et al., 132 D.P.R. 115, 127 (1992); Aponte v. Sears Roebuck de P.R., Inc., 144 D.P.R. 830, 838-842 (1998); Montero Saldaña v. Amer. Motors Corp., 107 D.P.R. 452, 460-462 (1978); Mendoza v. Cervecería Corona, Inc., 97 D.P.R. 499, 500-512 (1969); Castro v. Payco, Inc., 75 D.P.R. 63, 73-74 (1953); véase, además, Herminio Brau del Toro, Los Daños y Perjuiciuos Extracontractuales en Puerto Rico, 2da edición, San Juan, Publicaciones J.T.S., Inc., 1986, alas pags. 881 y ss.; compárense, Ford Motor Co. v. Benet, 106 D.P.R. 232, 237 (1977); Ferrer v. General Motors Corp., 100 D.P.R. 246, 257-258 (1971).
En la situación de autos, la carta envidad por los recurridos a la peticionaria manifestaba que: “[d]e no oir de ustedes, procederemos a radicar una demanda por daños y perjuicios.” No hallamos ambigüedad alguna en el significado de dicha expresión, la cual constituye una atribución de responsabilidad por los daños sufridos.
Consideramos que la carta fue efectiva para interrumpir la prescripción. De León v. Caparra Center, 147 D.P.R. a la pág. 805; Galib Frangle v. El Vocero de P.R., 138 D.P.R. a la pág. 567; Martínez v. Soc. de Gananciales, 145 D.P.R. a la pág. 102.
En cualquier caso, el Tribunal de Primera Instancia entendió que la fecha específica del incidente no estaba clara, por lo que tampoco procedía dictar sentencia sumariamente. Partido Acción Civil v. Estado Libre Asociado de Puerto Rico, 150 D.P.R. _ (2000); 2000 J.T.S. 33, a la pág. 681; Tello v. Eastern Airlines, 119 D.P.R. 83, 86 (1987); Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986); véase, además, la Regla 36.3 *738 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36.3. El error no se cometió.
Por los fundamentos expresados, se deniega el auto solicitado.
Lo pronunció el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General